UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ENZO BIOCHEM DATA SECURITY LITIGATION | Lead Case No. 2:23-cv-04282-GRB-AYS |
| This Document Relates To: *All Cases* | Hon. Gary R. Brown |

**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND CERTIFYING SETTLEMENT CLASS**

WHEREAS, Plaintiffs in the above-captioned consolidated class action have applied for an order, pursuant to Federal Rule of Civil Procedure 23, preliminarily approving the Settlement Agreement and Release (the "Settlement Agreement") entered into between Plaintiffs Elyssa Crimeni, Elizabeth Delgrosso, Annette DiIorio, Eliana Epstein, Elizabeth Garfield, Gita Garfinkel, Mark Guthart, Tony Johnson, Nino Khakhiashvili, Margo Kupinska, Paula Magnani, Shana McHugh, Mary Namorato, Robert Pastore, Saribel Rodriguez, and Izza Shah ("Plaintiffs"), individually and on behalf of the proposed Settlement Class, and Defendants Enzo Biochem, Inc. and Enzo Clinical Labs, Inc. (collectively, "Enzo" or "Defendants"), dated January 13, 2025, and this Court having reviewed the Settlement Agreement as submitted to the Court with Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval"); and

WHEREAS, this Preliminary Approval Order incorporates the Settlement Agreement, and its exhibits, and the terms used herein shall have the meaning and/or definitions given to them in the Settlement Agreement, as submitted to the Court with the Motion for Preliminary Approval;

NOW, THEREFORE, pursuant to Federal Rule of Civil Procedure 23(e), upon the agreement of the Parties, and after consideration of the Settlement Agreement and its exhibits,

IT IS HEREBY ORDERED as follows:

1.	The Court finds that the Settlement Agreement proposed by the Parties is fair, reasonable, and adequate, and is likely to be approved at a final approval hearing such that giving notice to the Settlement Class is justified. The representations, agreements, terms, and conditions of the Settlement, as embodied in the Settlement Agreement and the exhibits attached thereto, are preliminarily approved pending a final hearing on the Settlement Agreement as provided herein. The Settlement Agreement meets the considerations set forth in the amended Rule 23(e), as well as *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

2.	The Settlement Agreement was negotiated with the assistance of neutral Mediator Bennett G. Picker of JAMS, and is the result of extensive, arm's-length negotiations between the Parties after Interim Class Counsel and Defendants' Counsel had investigated the claims, sufficiently litigated the claims, and became familiar with the strengths and weaknesses of the claims and defenses in this Action. The Settlement Agreement appears not to be collusive, has no obvious defects, and falls within the range of reasonableness.

3.	The Court finds it will likely certify, at the final approval stage, the Settlement Class for purposes of the Settlement only, consisting of:

> [A]ll natural persons who are residents of the United States whose Personal Information was potentially compromised in the Network Incident and were sent via U.S. Mail notice by Enzo that their Personal Information may have been compromised in the Network Incident. Excluded from the Settlement Class are: (1) the Judges presiding over the Action and members of their families; (2) Enzo, its subsidiaries, parent companies, successors, predecessors, and any entity in which Enzo or its parents have a controlling interest, and its current or former officers and directors; (3) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person.

4.	The Court finds that the Settlement Class meets the relevant requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) in that: (a) the number of Settlement Class

Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to Settlement Class Members; (c) the claims of the Class Representatives are typical of the claims of Settlement Class Members; (d) the Class Representatives are adequate representatives for the Settlement Class, and have retained experienced counsel to represent them as Class Counsel; (e) the questions of law and fact common to Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court therefore preliminarily certifies the proposed Settlement Class.

5.      For purposes of the Settlement only, the Court finds and determines that it will likely find, at the final approval stage, pursuant to Federal Rule of Civil Procedure Rule 23(a)(4), that Plaintiffs will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in this Action, and therefore appoints them as Class Representatives.

6.      For purposes of the Settlement only, and pursuant to Federal Rule of Civil Procedure 23(a)(1), the Court appoints the following as Class Counsel to act on behalf of both the Settlement Class and the Class Representatives with respect to the Settlement Agreement:

| | |
|---|---|
| James J. Pizzirusso, Esq.<br>**HAUSFELD LLP**<br>888 16th Street, NW, Suite 300<br>Washington, DC 20006<br>T: (202) 540-7200<br>E: jpizzirusso@hausfeld.com | Jean S. Martin, Esq.<br>**MORGAN & MORGAN**<br>**COMPLEX LITIGATION GROUP**<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>T: (813) 559-4908<br>E: jeanmartin@forthepeople.com |

7.      Angeion Group is appointed as Settlement Administrator and shall administer the Notice Plan. The Settlement Administrator shall abide by the terms and conditions of the Settlement Agreement that pertain to the Settlement Administrator.

8.      Pursuant to Federal Rule Civil Procedure 23(e), the terms of the Settlement

Agreement (and the Settlement provided for therein) are preliminarily approved and likely to be approved at the Final Approval Hearing because:

    a. the Class Representatives and Class Counsel have adequately represented the Settlement Class;

    b. the Settlement Agreement was negotiated at arm's-length;

    c. the relief provided for the Settlement Class is adequate, taking into account:

        i. the costs, risks, and delay of trial and appeal;

        ii. the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims;

        iii. the terms of any proposed award of attorneys' fees, including timing of payment; and

        iv. any agreement required to be identified under Rule 23(e)(3); and

    d. the Settlement Agreement treats Settlement Class Members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

9. Having reviewed the proposed Notice Plan, including the Long Form Notice and Summary Notice submitted by the Parties as Exhibits D and F to the Settlement Agreement, the Court approves, as to form and content, such Notices for the purpose of notifying the Settlement Class as to the proposed Settlement, the Final Approval Hearing, and the rights of Settlement Class Members. Those Notices contain all of the essential elements necessary to satisfy the requirements of federal law, including the Federal Rules of Civil Procedure and federal and state due process provisions, including the Settlement Class definition, the identities of the Parties and their counsel, a summary of the terms of the proposed Settlement Agreement, information regarding the manner in which objections may be submitted, information regarding opt-out procedures and deadlines, and the date and location of the Final Approval Hearing.

10. The Court directs the Settlement Administrator to cause a copy of the Summary Notice to be sent to all Settlement Class Members in accordance with the Notice Plan. The Notice Plan (including the Summary Notice re-mailing process) shall be completed before the filing of the Motion for Final Approval.

11. The Summary Notice and Long Form Notice shall be updated by Class Counsel and Defendants to include the correct dates and deadlines before the Notice Plan commences, based upon those dates and deadlines set by the Court herein. The Court finds and determines the Notice Plan pursuant to this Order constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the matters set forth in the Notices to all persons entitled to receive such Notices, and fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable law and rules.

12. Any person falling within the definition of the Settlement Class may, upon request, be excluded or opt-out. In the event a Settlement Class Member wishes to be excluded and not to be bound by the Settlement Agreement, that person must personally sign and mail a Request for Exclusion from the Settlement to the Settlement Administrator. The Request for Exclusion must be physically signed by the person seeking exclusion, postmarked no later than sixty (60) days after the Notice Date, and must include: the name of this Action; the name, address, and telephone number of the person seeking exclusion; and a clear request that the individual would like to opt-out or be excluded, by use of those or other words clearly indicating a desire to no longer participate in the Settlement. Any Settlement Class Member who timely and properly requests exclusion in compliance with these requirements will thereafter be excluded from the Settlement Class, will not become a Settlement Class Member, will not have any rights under the Settlement Agreement, will not be entitled to any relief under the Settlement Agreement, and will not be

bound by the Settlement Agreement or the Final Approval Order. Any Settlement Class Members who fail to submit a valid and timely Request for Exclusion shall be bound by all terms of the Settlement Agreement and the Final Approval Order, regardless of whether they have requested to opt-out from the Settlement Agreement.

        13.    Any Settlement Class Member who wishes to object to the Settlement, Class Counsel's application for attorneys' fees and costs, or Service Awards for the Class Representatives, or to appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, or why a final judgment should not be entered thereon, may do so, but must proceed as set forth in this paragraph. Only a Settlement Class Member may file an objection. No Settlement Class Member or other person will be heard on such matters unless they have mailed via U.S. Mail or private courier (e.g., Federal Express) a written objection (together with any briefs, papers, statements, or other materials the Settlement Class Member or other person wishes the Court to consider) to the Clerk of the Court on or before the Objection Deadline, as set forth in the Notices. Any objection must: (a) identify the name of this Action; (b) state the objector's full name, current mailing address, and telephone number; (c) contain a statement by the objector that he or she believes themselves to be a member of the Settlement Class; (d) include proof that the objector is a member of the Settlement Class (e.g., copy of the settlement notice, copy of the original notice of the Network Incident); (e) identify the specific factual and legal grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; (f) identify whether the objection is an objection to the Settlement in part or in whole; (g) state whether the objection applies only to the objector, a subset of the Settlement Class, or the entire Settlement Class; (h) state the number of times the objector has objected to a class action settlement

within the five (5) years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case; (i) identify all counsel (if any) representing the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement Agreement or Application for Attorneys' Fees, Costs, and Service Awards; (j) state the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five (5) years preceding the date of the filed objection, the caption of each case in which objector's counsel and/or counsel's law firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five (5) years; (k) identify any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; (l) confirm whether the objector intends to personally appear and/or testify at the Final Approval Hearing; (m) identify all counsel (if any) representing the objector who will appear at the Final Approval Hearing; (n) contain a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and (o) contain the objector's signature or the signature of the objector's duly authorized attorney or representative.

14.     Any Settlement Class Member who does not make his or her objection in the manner and by the date set forth in this Order shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

15. Prior to the Final Approval Hearing: (i) Class Counsel shall file with the Court and serve on all Parties a declaration or affidavit of the Settlement Administrator certifying that the Notice Plan was completed and providing the name of each Settlement Class Member who timely and properly requested exclusion from the Settlement Class; and (ii) Defendants or Angeion Group shall file with the Court and serve on all Parties a declaration certifying that notice was provided to the appropriate government entities in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

16. All pretrial proceedings in this Action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Settlement Agreement and this Preliminary Approval Order.

17. Upon the entry of this Preliminary Approval Order, the Class Representatives and all Settlement Class Members shall be provisionally enjoined and barred from asserting any claims against Defendants and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as whether to grant Final Approval of the Settlement Agreement.

18. The Settlement Agreement, and any and all negotiations, statements, documents, and/or proceedings in connection with the Settlement Agreement, shall not be construed or deemed to be evidence of an admission or concession by Defendants of any liability or wrongdoing by Defendants or any of their affiliates, agents, representatives, vendors, or any other person or entity acting on their behalf with respect to the conduct alleged in this Action or that the litigation was properly brought as a class action, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief with respect to the Network Incident at issue in this Action. Defendants may file the Settlement

Agreement in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19. In the event that: (a) this Court does not grant Final Approval of the Settlement Agreement, as provided in the Settlement Agreement; (b) this Court does not enter the Final Approval Order in all material respects and substantial form as the Final Approval Order submitted by the Parties with the Motion for Final Approval; or (c) the Settlement Agreement does not become final for any other reason, the Settlement Agreement shall be null and void and any order or judgment entered by this Court in furtherance of the Settlement Agreement shall be vacated *nunc pro tunc*. In such case, the Parties shall proceed in all respects as if the Settlement Agreement had not been executed; the Parties shall in no way be prejudiced in proceeding with or defending this Action; the provisional class certification effected herein will be null and void; and Defendants shall have the right to oppose and object, on any and all grounds, to certification of the Settlement Class or any other class at any future time.

20. For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement Agreement preliminarily approved herein and the related orders of this Court.

21. Class Counsel and Defendants' Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without the Court's further approval, minor form or content changes to the Notices they jointly

agree are reasonable or necessary.

22. A Final Approval Hearing will be held in the Courtroom of The Honorable Anne Y. Shields, United States District Court for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, Courtroom 840, Central Islip, New York 11722-9014 on **June 10, 2025 at 11:00 a.m.**, to determine: (a) whether the Settlement Agreement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether the Final Approval Order should be entered in substance materially the same as the Final Approval Order submitted by the Parties with the Motion for Final Approval; (c) whether to approve Class Counsel's Application for Attorneys' Fees, Costs and Service Awards for the Class Representatives; and (d) any other matters that may properly be brought before the Court in connection with the Settlement Agreement. The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the Settlement Class (any change in date shall be posted on the Settlement Website). The hearing may be virtual, in which case the instructions to participate shall be posted on the Settlement Website. The Court may approve the Settlement Agreement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. The Parties must file all moving papers and briefs in support of Final Approval, inclusive of Class Counsel's Application for Attorneys' Fees, Costs and Service Awards for the Class Representatives, no later than 14 days after the Objection Deadline set forth herein.

23. Any Settlement Class Member may enter an appearance in this Action, at their own expense, individually or through counsel of their own choice. If a Settlement Class Member does not enter an appearance, he or she will be represented by Class Counsel.

24. The Court hereby sets the following schedule of events:

| Event | Deadline for Completion of Event |
|---|---|
| **Notice Plan Complete (including Initial Mailed Summary Notice and the Notice Re-Mailing Process) ("Notice Date")** | **March 24, 2025** |
| **Deadline for submission of Claim Forms** | **June 23, 2025** |
| **Application for Attorneys' Fees, Costs and Service Awards** | **May 9, 2025** |
| **Opt-Out Deadline** | **May 23, 2025** |
| **Objection Deadline** | **May 23, 2025** |
| **Motion for Final Approval and Deadline to Respond to Objections** | **June 2, 2025** |
| **Final Approval Hearing** | **June 10, 2025 at 11:00 a.m.** |

**IT IS SO ORDERED.**

DATED: _____, 2025

                                                  Hon. Anne Y. Shields
                                                  UNITED STATES MAGISTRATE JUDGE