# EXHIBIT 1

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release, dated January 13, 2025, is made and entered into by and among the Class Representatives (defined below), for themselves individually and on behalf of the Settlement Class (defined below), and Defendant Enzo Clinical Labs, Inc. and Enzo Biochem, Inc. (collectively, "Enzo") (collectively, the "Parties"). This Agreement is subject to Court approval and is intended by the Parties to fully and finally resolve and settle all of Plaintiffs' and the Settlement Class's Released Claims, upon and subject to the terms and conditions hereof.

### RECITALS

**WHEREAS,** on or about April 6, 2023, Enzo identified a ransomware incident on its computer network resulting in unauthorized access to certain files that may have contained information of Enzo's patients and other affiliated persons.

**WHEREAS,** during the Network Incident, the Personal Information (defined below) of former patients or individuals otherwise affiliated with Enzo was potentially impacted by criminal hackers. This resulted in notice being sent to 2,069,627 individuals by mail.

**WHEREAS,** on June 9, 2024, litigation was commenced by Plaintiff Eliana Epstein with the filing of a class action complaint against Enzo in federal court, captioned as *Epstein v. Enzo Biochem, Inc. et al.,* No. 7:22-cv-08101 (S.D.N.Y.). Following the *Epstein* action being filed, 20 more duplicative class actions were filed, including 2 in state court and 18 in federal court.

**WHEREAS,** on July 10, 2023, the Court granted the Motion to Consolidate all related cases and ordered that all future related actions be consolidated into the consolidated action, *In re Enzo Biochem Data Security Litig.,* 2:23-4282, (the "Consolidated Action"). (Dkt. 25).

**WHEREAS,** on September 29, 2023, James Pizzirusso and Jean Martin were appointed Interim Co-Lead Counsel ("Interim Class Counsel") for the Consolidated Action. (Dkt. 52).

**WHEREAS,** on November 13, 2023, a consolidated amended complaint was filed in the Consolidated Action (the "Complaint").

**WHEREAS,** after meet and confer efforts, Interim Class Counsel and counsel for Defendants agreed to mediate the case before Bennett J. Picker of JAMS.

**WHEREAS,** in preparation for the scheduled mediation, the Parties exchanged certain informal discovery and mediation statements.

**WHEREAS,** on March 28, 2024, the Parties engaged in a day-long, arm's-length mediation session before Mr. Picker. The mediation did not result in an agreement.

**WHEREAS,** Defendant filed a Motion to Dismiss the Complaint on April 8, 2024, and that motion is fully briefed.

**WHEREAS**, the Parties exchanged additional information, including financial information, to further settlement discussions.

**WHEREAS**, on September 12, 2024, the Parties engaged in a second day-long mediation before Mr. Picker, at the conclusion of which a mediator proposal of $7.5 million was made by Mr. Picker. Both parties accepted the proposal on or before September 19, 2024.

**WHEREAS**, pursuant to the terms set forth below, this Agreement resolves all actual and potential claims, actions, and proceedings as set forth in the release contained herein, by and on behalf of members of the Settlement Class defined herein but excludes the claims of all Class Members who opt out from the Settlement Class pursuant to the terms and conditions herein.

**WHEREAS**, Interim Class Counsel, on behalf of Plaintiffs and the Settlement Class, have thoroughly examined the law and facts relating to the matters at issue in the Action, Plaintiffs' claims, and Enzo's potential defenses, including conducting independent investigation and confirmatory discovery, conferring with defense counsel through the settlement negotiation process, as well as conducting an assessment of the merits of expected arguments and defenses throughout the litigation, including on a motion for class certification. Based on a thorough analysis of the facts and the law applicable to Plaintiffs' claims in the Action, and taking into account the burden, expense, and delay of continued litigation, including the risks and uncertainties associated with litigating class certification and other defenses Enzo may assert, a protracted trial and appeal(s), as well as the opportunity for a fair, cost-effective, and assured method of resolving the claims of the Settlement Class, Plaintiffs and Interim Class Counsel believe that resolution is an appropriate and reasonable means of ensuring that the Class is afforded important benefits expediently. Plaintiffs and Interim Class Counsel have also taken into account the uncertain outcome and the risk of continued litigation, as well as the difficulties and delays inherent in such litigation.

**WHEREAS**, Plaintiffs and Interim Class Counsel believe that the terms set forth in this Agreement confer substantial benefits upon the Settlement Class and have determined that they are fair, reasonable, adequate, and in the best interests of the Settlement Class.

**WHEREAS**, Enzo has similarly concluded that this Agreement is desirable in order to avoid the time, risk, and expense of defending protracted litigation, and to resolve finally and completely the claims of Plaintiffs and the Settlement Class.

**WHEREAS**, this Agreement, whether or not consummated, and any actions or proceedings taken pursuant to this Agreement, are for settlement purposes only, and Enzo specifically denies any and all wrongdoing. The existence of, terms in, and any action taken under or in connection with this Agreement shall not constitute, be construed as, or be admissible in evidence as, any admission by Enzo of (i) the validity of any claim, defense, or fact asserted in the Action or any other pending or future action, or (ii) any wrongdoing, fault, violation of law, or liability of any kind on the part of the Parties.

**WHEREAS**, the foregoing Recitals are true and correct and are hereby fully incorporated in, and made a part of, this Agreement.

**NOW, THEREFORE**, in consideration of the promises, covenants, and agreements herein described and for other good and valuable consideration acknowledged by each of the Parties to be satisfactory and adequate, and intending to be legally bound, the Parties do hereby mutually agree, as follows:

1.  **DEFINITIONS**

As used in this Agreement, the following terms shall be defined as follows:

1.1  "Action" means the class action captioned as *In re Enzo Biochem, Inc, 2:23-cv-04282-GRB-AYS,* now pending before the Honorable Gary Brown in the Eastern District of New York.

1.2  "Administrative Expenses" means all charges and expenses incurred by the Settlement Administrator in the administration of this Settlement, including, without limitation, all expenses and costs associated with the Notice Plan and providing Notice to the Settlement Class. Administrative Expenses also include all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

1.3  "Agreement" or "Settlement Agreement" means this Class Action Settlement Agreement and Release. The terms of the Settlement Agreement are set forth herein, including the exhibits hereto.

1.4  "Approved Claim(s)" means a claim as evidenced by a Claim Form submitted by a Class Member that (a) is timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement; (b) is physically signed or electronically verified by the Class Member; (c) satisfies the conditions of eligibility for a Settlement Benefit as set forth herein; and (d) has been approved by the Settlement Administrator.

1.5  "Incident" or "Network Incident" refers to the network incident that is the subject of the Action during which Enzo was the victim of a Ransomware Attack on or about April 6, 2023.

1.6  "Business Days" means Monday, Tuesday, Wednesday, Thursday, and Friday, excluding holidays observed by the federal government.

1.7  "Cash Fund Payment" means a claim to receive a pro rata Settlement Payment in cash from the Post DL/CM Net Settlement Fund.

1.8  "Claimant" means a Class Member who submits a Claim Form for a Settlement Payment.

1.9  "Claim Form" means the form attached hereto as **Exhibit A**, or one substantially similar, and as approved by the Court. The Claim Form must be submitted physically (via U.S. Mail) or electronically (via the Settlement Website) by Class Members who wish to file a claim for their given share of the Settlement Benefits

pursuant to the terms and conditions of this Agreement. The Claim Form shall be available for download from the Settlement Website. The Settlement Administrator shall mail a Claim Form, in hardcopy form, to any Class Member who so requests.

1.10    "Claims Deadline" means the date by which all Claim Forms must be received to be considered timely and shall be set as the date ninety (90) days after the Notice Date. The Claims Deadline shall be clearly set forth in the Long Form Notice, the Summary Notice, the Claim Form, and the Court's order granting Preliminary Approval.

1.11    "Claims Period" means the period of time during which Class Members may submit Claim Forms to receive their given share of the Settlement Benefits and shall commence on the Notice Date and shall end on the date ninety (90) days thereafter.

1.12    "Class Counsel" means attorneys James Pizzirusso of Hausfeld LLP and Jean Martin of Morgan & Morgan.

1.13    "Class Member" means a member of the Settlement Class.

1.14    "Class Representatives" and "Plaintiffs" means Elyssa Crimeni, Elizabeth Delgrosso, Annette DiIorio, Eliana Epstein, Elizabeth Garfield, Gita Garfinkel, Mark Guthart, Tony Johnson, Nino Khakhiashvili, Margo Kupinska, Paula Magnani, Shana McHugh, Mary Namorato, Robert Pastore, Saribel Rodriguez, and Izza Shah.

1.15    "Court" means the District Court for the United States, Eastern District of New York (or any judge sitting in the Court's stead or to whom the Action may be transferred).

1.16    "Credit Monitoring and Insurance Services" means the credit monitoring and identity theft insurance solution to be offered as a Settlement Benefit under this Settlement. This Settlement Benefit is discussed in more detail in Section 3.4 below.

1.17    "Documented Loss" refers to monetary losses incurred by a Class Member and supported by Reasonable Documentation evincing attempts to remedy or remedying issues that are fairly traceable to the Network Incident, and that are not otherwise recoverable through insurance, as further described in Section 3.2(a) below. Documented Loss must be supported by Reasonable Documentation that a Class Member actually incurred unreimbursed losses and consequential expenses that are fairly traceable to the Network Incident and incurred on or after April 6, 2023.

1.18    "Effective Date" means the date upon which the Settlement contemplated by this Agreement shall become effective as set forth in Section 10.1 below.

1.19    "Entity" means any person, corporation, partnership, limited liability company, association, trust, agency, or other organization of any type.

1.20    "Fee Award and Costs" means the amount of attorneys' fees and reimbursement of litigation costs and expenses awarded by the Court to Class Counsel.

1.21    "Final Approval Order" means the order to be entered by the Court after the Final Approval Hearing, which approves the Settlement Agreement. The Final Approval Order must be substantially similar to the form attached hereto as **Exhibit B**.

1.22    "Final Approval Hearing" means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement pursuant to Federal Rule of Civil Procedure 23 and whether to issue the Final Approval Order and Judgment.

1.23    "Enzo's Counsel" or references to counsel for Enzo means attorney Paul Karlsgodt, Robyn Feldstein, and other attorneys at the law firm Baker & Hostetler LLP.

1.24    "Enzo" or "Defendants" means Defendant Enzo Biochem, Inc., and Enzo Clinical Labs, Inc., and its current and former affiliates, parents, subsidiaries, and successors.

1.25    "Judgment" means the judgment to be entered by the Court. The Judgment must be substantially similar to the form of **Exhibit C**.

1.26    "Long Form Notice" means the long form notice of settlement, to be substantially similar to the form attached hereto as **Exhibit D**.

1.27    "Net Settlement Fund" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) reasonable Administrative Expenses incurred pursuant to this Settlement Agreement, (ii) Service Awards approved by the Court, (iii) any amounts approved by the Court for attorneys' fees, costs, and expenses (i.e., Fee Award and Costs), and (iv) taxes, if any.

1.28    "Notice" means notice of the proposed class action settlement to be provided to Class Members pursuant to the Notice Plan approved by the Court in connection with preliminary approval of the Settlement. The Notice shall consist of the Summary Notice, the Long Form Notice, the Settlement Website, and a toll-free number.

1.29    "Notice Date" means the date upon which Settlement Class Notice is initially disseminated to the Settlement Class by the Settlement Administrator, which shall be no later than thirty-five (45) days after entry of the Preliminary Approval Order.

1.30    "Notice Plan" means the settlement notice program, as approved by the Court, developed by the Settlement Administrator and described in this Agreement for disseminating Notice to the Class Members of the terms of this Agreement and the Final Approval Hearing.

1.31    "Objection Deadline" means the date by which Class Members must file and postmark required copies of any written objections, pursuant to the terms and conditions herein, to this Settlement Agreement and to any application and motion for (i) the Fee Award and Costs, and (ii) the Service Awards, which shall be sixty (60) days following the Notice Date.

1.32    "Opt-Out Period" means the period in which a Class Member may submit a Request for Exclusion, pursuant to the terms and conditions herein, which shall expire sixty (60) days following the Notice Date. The deadline for filing a Request for Exclusion will be clearly set forth in the Settlement Class Notice.

1.33    "Parties" means the Plaintiffs and Defendants.

1.34    "Personal Information" means information, including, without limitation, names, email addresses, phone numbers, home addresses, dates of birth, Social Security numbers (SSN), and other personally identifying information, as well as information used to process health insurance claims, medical records and data, and other medical or personal health information.

1.35    "Preliminary Approval Order" means an order by the Court that preliminarily approves the Settlement (including, but not limited to, the forms and procedure for providing Notice to the Settlement Class), permits Notice to the proposed Settlement Class, establishes a procedure for Class Members to object to or opt out of the Settlement, and sets a date for the Final Approval Hearing, without material change to the Parties' agreed-upon proposed preliminary approval order attached hereto as **Exhibit E**.

1.36    "Post DL/CM Net Settlement Fund" means the amount of the Net Settlement Fund remaining after all Documented Loss Payments and payments for Credit Monitoring and Insurance Services are made.

1.37    "Reasonable Documentation" means documentation supporting a claim for Documented Loss including, but not limited to, credit card statements, bank statements, invoices, telephone records, and receipts. Documented Loss costs cannot be documented solely by a personal certification, declaration, or affidavit from the Claimant; a Claimant must provide supporting documentation.

1.38    "Released Claims" means any claim, liability, right, demand, suit, obligation, damage, including consequential damage, loss or cost, punitive damage, attorneys' fees, costs, and expenses, action or cause of action, of every kind or description—whether known or Unknown (as the term "Unknown Claims" is defined herein), suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—that was or could have been asserted on behalf of the Settlement Class in the Action related to or arising from the compromise of any Class Member's Personal Information arising out of the Network Incident. "Released Claims" do not include any claims against any entity other than Released Parties and are subject to Section 4.1 below.

1.39    "Released Parties" means Defendant and its respective operating companies, predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of its past, present, and future officers, directors, employees, equity holders, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees and assigns of any of the foregoing. For clarity, Released Parties also includes Laboratory Corporation of America Holdings. Each of the Released Parties may be referred to individually as a "Released Party."

1.40    "Request for Exclusion" is the written communication by a Class Member in which he or she requests to be excluded from the Settlement Class pursuant to the terms of the Agreement.

1.41    "Service Awards" means the amount awarded by the Court and paid to the Class Representatives in recognition of their role in this litigation, as set forth in Sections 8.1-8.3 below.

1.42    "Settlement" means this settlement of the Action by and between the Parties, and the terms thereof as stated in this Settlement Agreement.

1.43    "Settlement Administrator" means Angeion Group with the approval of the Court. Under the supervision of Class Counsel, the Settlement Administrator shall oversee and implement the Notice Plan and receive any requests for exclusion from the Class. Class Counsel and Enzo may, by agreement, substitute a different Settlement Administrator, subject to Court approval. Any Settlement Administrator must execute Defendant's Business Associate Agreement if requested to do so.

1.44    "Settlement Benefit(s)" means any Cash Fund Payment, the Credit Monitoring and Insurance Services, the Documented Loss Payments, the prospective relief set forth in Sections 2 and 3 herein, and any other benefits Class Members receive pursuant to this Agreement, including non-monetary benefits and relief, the Fee Award and Costs, and Administrative Expenses.

1.45    "Settlement Class" and "Class" means all natural persons who are residents of the United States whose Personal Information was potentially compromised in the Network Incident and were sent via U.S. Mail notice by Enzo that their Personal Information may have been compromised in the Network Incident. Excluded from the Settlement Class are: (1) the Judges presiding over the Action and members of their families; (2) Enzo, its subsidiaries, parent companies, successors, predecessors, and any entity in which Enzo or its parents have a controlling interest, and its current or former officers and directors; (3) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person.

1.46    "Settlement Fund" means the sum of Seven Million Five-Hundred Thousand Dollars and No Cents ($7,500,000.00), to be paid by Enzo, as specified in Section 3.1 of this Agreement.

1.47    "Settlement Payment" means any payment to be made to any Class Member on Approved Claims pursuant to Section 3.2 herein.

1.48    "Settlement Website" means the Internet website, at URL address www.xxxxxxx.com, to be created, launched, and maintained by the Settlement Administrator, and which allows for the electronic submission of Claim Forms and Requests for Exclusion, and provides access to relevant case documents, including the Settlement Class Notice, information about the submission of Claim Forms, and other relevant documents, including downloadable Claim Forms.

1.49    "Settlement Toll-Free Number" means the toll-free telephone number with information relevant to this Settlement to be created, launched, and maintained by the Settlement Administrator.

1.50    "Summary Notice" means the summary notices of the proposed Settlement herein, to be substantially similar to the form attached hereto as **Exhibit F**.

1.51    "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants). All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this Agreement (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Agreement) ("Tax Expenses"), shall be paid out of the Settlement Fund. Further, Taxes and Tax Expenses shall be treated as, and considered to be, an Administration Expense and shall be timely paid by the Settlement Administrator, out of the Settlement Fund, without prior order from the Court, and the Settlement Administrator shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Class Members with Approved Claims any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(l)(2)). The Parties hereto agree to cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Agreement. For the purpose of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the Settlement Administrator shall be the "administrator." The Settlement Administrator shall timely and properly file or cause to be filed all informational and other tax returns necessary or advisable with respect to the Settlement Fund and the escrow account (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)). Such

returns (as well as the election described in this Agreement) shall be consistent with this Section and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in this Agreement.

1.52    "Unknown Claims" means any and all Released Claims that Enzo or any Class Representative or Class Member does not know or suspect to exist in his, her, or its favor as of the Effective Date and which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to the Settlement. Class Representatives and Class Counsel acknowledge, and each Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

## 2.    SECURITY COMMITMENTS; PROSPECTIVE RELIEF

2.1    Enzo agrees to adopt, continue, and/or implement the following (or substantially similar) data security measures for a period of no less than 1 (one) year from the Effective Date of this Agreement:

    (a)    Multi-factor authentication for all individual user accounts, including system administrator accounts, and for remote access to its computer network;

    (b)    Policies and procedures requiring the use of strong, complex passwords and password rotation, and ensuring that stored passwords are properly protected from unauthorized access;

    (c)    Encryption of consumer personal information that they collect, store, transmit, and/or maintain using an encryption method appropriate to the sensitivity of the consumer personal information; and,

    (d)    Reasonable intrusion detection and prevention (IDS/IPS) systems designed to detect and prevent unauthorized access to its environment.

## 3.    SETTLEMENT FUND / MONETARY PAYMENT / BENEFITS DETAILS

3.1    Enzo agrees to make or cause to be made a payment of Seven Million Five Hundred Thousand Dollars and No Cents ($7,500,000.00), to create the Settlement Fund as follows: within 30 days after the later of (a) entry of the Final Approval Order, which shall include an order establishing the Settlement Fund pursuant to Treasury Regulation § 1.468B-1(c)(1), or (b) receipt from the Settlement Administrator of detailed wire instructions, and a completed W-9 form, and separate voice verification by the Settlement Administrator or an authorized agent needed to confirm the wire instructions. Enzo agrees to and shall cause the sum of Seven Million Five-Hundred Thousand Dollars and No Cents ($7,500,000.00) to be deposited in an interest-bearing bank escrow account established and administered by the Settlement Administrator (the "Escrow Account"). Enzo agrees to provide a

-9-

portion of the Settlement Fund within thirty (30) days of entry of the Preliminary Approval Order as is necessary to fund the notice process. The Escrow Account shall be held in a Qualified Settlement Fund (defined below) in interest-bearing bank account deposits with commercial banks with excess capital exceeding One Billion United States Dollars and Zero Cents ($1,000,000,000.00), with a rating of "A" or higher by S&P and in an account that is fully insured by the United States Government or the FDIC. The Settlement Fund shall cover all Administrative Expenses reasonably incurred and approved by the Parties in connection with the Settlement. For the avoidance of doubt, and for purposes of this Settlement Agreement only, Enzo's liability shall not exceed Seven Million Five-Hundred Thousand Dollars and No Cents ($7,500,000.00).

(a)     All interest on the funds in the Escrow Account shall accrue to the benefit of the Settlement Class. Any interest shall not be subject to withholding and shall, if required. be reported appropriately to the Internal Revenue Service by the Settlement Administrator. The Settlement Administrator is responsible for the payment of all Taxes.

(b)     The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1 at all times after the creation of the Escrow Account. All Taxes shall be paid out of the Escrow Account. Defendant, Defendant's Counsel, Plaintiffs, and Class Counsel shall have no liability or responsibility for any of the Taxes. The Escrow Account shall indemnify and hold Defendant, Defendant's Counsel, Plaintiffs, and Class Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification). For the purpose of the Internal Revenue Code and the Treasury regulations thereunder, the Settlement Administrator shall be designated as the "administrator" of the Settlement Fund. The Settlement Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in the previous paragraph) shall be consistent with this paragraph and in all events shall reflect that all taxes (including the Taxes, any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Settlement Administrator shall maintain control over the Settlement Fund and shall be responsible for all disbursements. The Settlement Administrator shall not disburse any portion of the Settlement Fund except as provided in this Agreement and with the written agreement of Class Counsel and Defendant's Counsel or by order of the Court. All funds held by the Settlement Administrator shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement or further order of the Court.

3.2    <u>Settlement Payments</u>: Each Class Member may qualify and submit a claim for the following benefits:

    (a)    <u>Documented Loss Payment</u>. Class Members may submit a claim for a Settlement Payment of up to $10,000.00 for reimbursement of out-of-pocket expenses and losses in the form of a Documented Loss Payment. To receive a Documented Loss Payment, a Class Member must choose to do so on their Claim Form and submit to the Settlement Administrator the following: (i) a valid Claim Form electing to receive the Documented Loss Payment benefit; (ii) an attestation regarding any actual and unreimbursed Documented Loss made under penalty of perjury; and (iii) Reasonable Documentation that demonstrates the Documented Loss to be reimbursed pursuant to the terms of the Settlement. Claimants who submit a Claim Form for a Documented Loss Payment will not be permitted to make a claim for the Cash Fund Payment provided for under 3.2(b) below. If a Class Member does not submit Reasonable Documentation supporting a Documented Loss Payment claim, or if a Class Member's claim for a Documented Loss Payment is rejected by the Settlement Administrator for any reason, and the Class Member fails to cure his or her claim, the claim will be rejected and the Class Member's claim will instead be automatically considered a claim for a Cash Fund Payment, discussed below.

    (b)    <u>Cash Fund Payment</u>., Class Members may submit a claim to receive a pro rata Settlement Payment in cash ("Cash Fund Payment"). The amount of the Cash Fund Payment will be calculated in accordance with Section 3.8 below.

    (c)    <u>Healthcare Data and Credit Monitoring and Insurance Services ("CMIS")</u>. In addition to making a claim for the Settlement Payments available under the Documented Loss Payment or the Cash Fund Payment in Section 3.2 above, all Class Members may submit a claim for 2 years of coverage through Medical Shield Premium.

3.3    <u>Settlement Payment Methods.</u> Class Members will be provided the option to receive any Settlement Payment due to them pursuant to the terms of this Agreement via various digital methods. In the event that Class Members do not exercise this option, they will receive their Settlement Payment via a physical check sent by U.S. Mail.

3.4    <u>Deadline to File Claims.</u> Claim Forms must be received postmarked or electronically within ninety (90) days after the Notice Date.

3.5    <u>Validity and Deficiency of Claims.</u> The Settlement Administrator shall have the authority to determine whether a Claim Form is valid, timely, and complete. To the extent the Settlement Administrator determines a claim is deficient for a reason other than late posting, within a reasonable amount of time, the Settlement Administrator shall notify the Claimant of the deficiencies and notify the Claimant

-11-

that he or she shall have thirty (30) days to cure the deficiencies and re-submit the claim. No notification is required for late-posted claims. The Settlement Administrator shall exercise reasonable discretion to determine whether the Claimant has cured the deficient claim. If the Claimant fails to cure the deficiency, the claim shall stand as denied, and the Class Member shall be so notified if practicable.

3.6     <u>Timing of Settlement Benefits.</u> Within ninety (90) days after: (i) the Effective Date; or (ii) all Claim Forms having been processed subject to the terms and conditions of this Agreement, whichever date is later, the Settlement Administrator shall cause funds to be distributed to each Class Member who is entitled to funds based on the selection made on their given Claim Form.

3.7     <u>Distribution of Settlement Payments</u>: The Settlement Administrator will first apply the Net Settlement Fund to pay for valid claims for CMIS and Documented Loss Payments. The amount of the Net Settlement Fund remaining after payment of the CMIS Settlement Benefit and payment for valid Documented Loss Payment claims is made shall be referred to as the "Post DL/CM Net Settlement Fund." The Settlement Administrator shall then utilize the Post DL/CM Net Settlement Fund to make all Cash Fund Payments pursuant to Section 3.2(b) herein. The amount of each Cash Fund Payment shall be calculated by dividing the Post DL/CM Net Settlement Fund by the number of valid claims submitted for (or honored as) a Cash Fund Payment. In the event that the aggregate amount of all Documented Loss Payments and the cost for valid CMIS Claims exceeds the total amount of the Net Settlement Fund, then no payments for claims for Cash Fund Payments will be made, and the duration of the CMIS Settlement Benefit elected by Class Members shall be reduced, on a pro rata basis, such that the aggregate value of all Documented Loss Payments and CMIS claims does not exceed the Net Settlement Fund. In such an event, no Net Settlement Funds will be distributed to Claimants with Approved Claims for Cash Fund Payments. All such determinations shall be performed by the Settlement Administrator.

3.8     <u>Deadline to Deposit or Cash Physical Checks.</u> Class Members with Approved Claims who receive a Documented Loss Payment or a Cash Fund Payment, by physical check, shall have sixty (60) days following distribution to deposit or cash their benefit check.

3.9     <u>Residual Funds.</u> The Settlement is designed to exhaust the Settlement Fund. To the extent any monies remain in the Net Settlement Fund more than one hundred twenty (120) days after the distribution of all Settlement Payments to Class Members, a subsequent Settlement Payment will be evenly made to all Class Members with Approved Claims for Cash Fund Payments who cashed or deposited the initial payment they received, provided that the average check amount is equal to or greater than Three Dollars and No Cents ($3.00). The distribution of this remaining Net Settlement Fund shall continue until the average check or digital payment amount in a distribution is less than Three Dollars and No Cents ($3.00), whereupon the amount remaining in the Net Settlement Fund, if any, shall be distributed by

mutual agreement of the Parties to a Court-approved non-profit recipient. Should it become necessary to distribute any remaining amount of the Net Settlement Fund to a Court-approved non-profit recipient, the Parties shall petition the Court to do so, providing details of the proposed non-profit recipient for the Court's consideration and approval.

3.10    <u>Returned Payments</u>. For any Settlement Payment returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make one additional effort to make any digital payments and engage in reasonable efforts to locate a valid address (in the case of physical checks) and resend the Settlement Payment within thirty (30) days after the physical check is returned to the Settlement Administrator as undeliverable. The Settlement Administrator shall only be required to make one attempt to repay or resend a Settlement Payment.

3.11    <u>Custody of Settlement Fund</u>. The Settlement Fund shall be deposited into the Escrow Account but shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or returned to those who paid the Settlement Fund in the event this Settlement Agreement is voided, terminated, or cancelled.

In the event this Settlement Agreement is voided, terminated, or cancelled due to lack of approval from the Court or any other reason, any amounts remaining in the Settlement Fund after payment of all Administrative Expenses incurred in accordance with the terms and conditions of this Agreement, including all interest earned on the Settlement Fund net of any Taxes, shall be returned to Enzo and/or its insurer, and no other person or entity shall have any further claim whatsoever to such amounts.

3.12    <u>Non-Reversionary</u>. This Settlement is a non-reversionary settlement. As of the Effective Date, all rights of Enzo and/or its insurer in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is voided, cancelled, or terminated, as described in Section 10 of this Agreement. In the event the Effective Date occurs, no portion of the Settlement Fund shall be returned to Enzo and/or its insurers.

3.13    <u>Use of the Settlement Fund</u>. As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay for: (i) all Administrative Expenses; (ii) any Taxes; (iii) any Service Awards; (iv) any Fee Award and Costs; and (v) the Settlement Payments and/or Settlement Benefits, pursuant to the terms and conditions of this Agreement.

3.14    <u>Payment/Withdrawal Authorization</u>. No amounts from the Settlement Fund may be withdrawn unless (i) expressly authorized by the Settlement Agreement or (ii) approved by the Court. The Parties, by agreement, may authorize the periodic payment of actual reasonable Administrative Expenses from the Settlement Fund as such expenses are invoiced without further order of the Court. The Settlement

-13-

Administrator shall provide Class Counsel and Enzo with notice of any withdrawal or other payment the Settlement Administrator proposes to make from the Settlement Fund before the Effective Date at least seven (7) Business Days prior to making such withdrawal or payment.

3.15    <u>Payments to Class Members</u>. The Settlement Administrator, subject to such supervision and direction of the Court and/or Class Counsel as may be necessary or as circumstances may require, shall administer and/or oversee distribution of the Settlement Fund to Class Members pursuant to this Agreement.

3.16    <u>Taxes</u>. All Taxes relating to the Settlement Fund shall be paid out of the Settlement Fund, shall be considered an Administrative Expense, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for Taxes (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or any Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Taxes do not include any federal, state, and local tax owed by any Claimant, Class Representative and Class Member as a result of any benefit or payment received as a result of the Settlement. Each Class Representative and Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

3.17    <u>Limitation of Liability</u>.

(a)    Enzo and Enzo's Counsel shall not have any responsibility for or liability whatsoever with respect to (i) any act, omission or determination of Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

(b)    Class Representatives and Class Counsel shall not have any liability whatsoever with respect to (i) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims

asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

(c)     The Settlement Administrator shall indemnify and hold Class Counsel, the Settlement Class, Class Representatives, and the Enzo Defendants, and Enzo's Counsel harmless for any gross negligence by the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice Plan and the administration of the Settlement.

## 4.     RELEASE

4.1     Upon the Effective Date, and in consideration of the Settlement Benefits described herein, the Class Representatives and all Class Members identified in the settlement class list, on behalf of themselves, their heirs, assigns, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, release and discharge all Released Claims, including Unknown Claims, against each of the Released Parties and agree to refrain from instituting, directing or maintaining any lawsuit, contested matter, adversary proceeding, or miscellaneous proceeding against each of the Released Parties that relates to or otherwise arises out of the Network Incident. This Settlement releases claims against only the Released Parties.

4.2     The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes that risk of such possible difference in facts and agrees that this Agreement shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein.

## 5.     REQUIRED EVENTS AND COOPERATION BY PARTIES

5.1     Preliminary Approval. Class Counsel shall submit this Agreement to the Court and shall promptly move the Court to enter the Preliminary Approval Order, in the form attached as **Exhibit E.**

5.2     Cooperation. The Parties shall, in good faith, cooperate, assist, and undertake all reasonable actions and steps to accomplish all requirements of this Agreement on the schedule set by the Court, subject to the terms of this Agreement. If, for any reason, the Parties determine that the schedule set by the Court is no longer feasible, the Parties shall use their best judgment and cooperate with each other in good faith to amend the schedule to accomplish the goals of this Agreement.

5.3     Certification of the Settlement Class. For purposes of this Settlement only, Plaintiffs and Enzo stipulate to the certification of the Settlement Class, which is

-15-

contingent upon the Court entering the Final Approval Order and Judgment of this Settlement and the occurrence of the Effective Date. Should: (1) the Settlement not receive final approval from the Court, or (2) the Effective Date not occur, the certification of the Settlement Class shall be void. Enzo reserves the right to contest class certification for all other purposes. Plaintiffs and Enzo further stipulate to designate the Class Representatives as the representatives for the Settlement Class.

5.4    Final Approval. The Parties shall request that the Court schedule the Final Approval Hearing for a date that is no earlier than one hundred twenty (120) days after the entry of the Preliminary Approval Order. The Parties may file a response to any objections to the Settlement and a Motion for Final Approval no later than fourteen (14) days after the Objection Deadline.

## 6.    CLASS NOTICE, OPT-OUTS, AND OBJECTIONS

6.1    Notice shall be disseminated pursuant to the Court's Preliminary Approval Order.

6.2    The Settlement Administrator shall oversee and implement the Notice Plan approved by the Court. All costs associated with the Notice Plan shall be paid from the Settlement Fund.

6.3    Direct Notice. No later than the Notice Date, or such other time as may be ordered by the Court, the Settlement Administrator shall disseminate the Summary Notice to the Class Members as follows:

(a)    For all Class Members, the Settlement Administrator will send the Summary Notice (in postcard form) by U.S. Mail, postage prepaid;

(b)    For any Summary Notice that has been mailed via U.S. Mail and returned by the Postal Service as undeliverable, the Settlement Administrator shall re-mail the notice to the forwarding address, if any, provided by the Postal Service on the face of the returned mail;

(c)    Neither the Parties nor the Settlement Administrator shall have any other obligation to re-mail individual notices that have been mailed as provided in this Paragraph; and

(d)    In the event the Settlement Administrator transmits a Summary Notice via U.S. Mail, then the Settlement Administrator shall perform any further investigations deemed appropriate by the Settlement Administrator, including using the National Change of Address ("NCOA") database maintained by the United States Postal Service, in an attempt to identify current mailing addresses for individuals or entities whose names are provided by Enzo.

6.4    Settlement Class List. Within fourteen (14) days after the issuance of the Preliminary Approval Order, Enzo will provide to the Settlement Administrator a list of any and all names, mailing addresses, telephone numbers, and email

addresses of any and all Class Members that it has in its possession, custody, or control.

6.5    Confidentiality. Any information relating to Class Members provided to the Settlement Administrator pursuant to this Agreement shall be provided solely for the purpose of providing Notice to the Class Members (as set forth herein) and allowing them to recover under this Agreement; shall be kept in strict confidence by the Parties, their counsel, and the Settlement Administrator; shall not be disclosed to any third party; shall be destroyed after all distributions to Class Members have been made; and shall not be used for any other purpose. Moreover, because the Class Member list and information contained therein will be provided to the Settlement Administrator solely for purposes of providing the Class Notice and Settlement Benefits and processing opt-out requests, the Settlement Administrator will execute a confidentiality and non-disclosure agreement with Class Counsel and Enzo's Counsel, and will ensure that any information provided to it by Class Members. Class Counsel, Enzo, or Enzo's Counsel, will be secure and used solely for the purpose of effecting this Settlement.

6.6    Fraud Prevention. The Settlement Administrator shall use reasonable and customary fraud-prevention mechanisms to prevent (i) submission of Claim Forms by persons other than potential Class Members, (ii) submission of more than one Claim Form per person, and (iii) submission of Claim Forms seeking amounts to which the Claimant is not entitled. In the event a Claim Form is submitted without a unique Class Member identifier, the Settlement Administrator shall employ reasonable efforts to ensure that the Claim is valid.

6.7    Settlement Website. Prior to any dissemination of the Summary Notice and prior to the Notice Date, the Settlement Administrator shall cause the Settlement Website (www.xxxxxxx.com) to be launched on the Internet in accordance with this Agreement. The Settlement Administrator shall create the Settlement Website. The Settlement Website shall contain information regarding how to submit Claim Forms (including submitting Claims Forms electronically through the Settlement Website) and relevant documents, including, but not limited to, the Long Form Notice, the Claim Form, this Agreement, the Preliminary Approval Order entered by the Court, the operative Consolidated Class Action Complaint in the Action, and the Motion for Attorneys' Fees and Expenses and Service Awards when filed, and will (on its URL landing page) notify the Settlement Class of the date, time, and place of the Final Approval Hearing. The Settlement Website shall also provide the toll-free telephone number and mailing address through which Class Members may contact the Settlement Administrator directly. The Settlement Website shall also allow for submission of Requests for Exclusion electronically through the Settlement Website.

6.8    Opt-Out/Request for Exclusion. The Notice shall explain that the procedure for Class Members to opt-out and exclude themselves from the Class is by notifying the Settlement Administrator in writing, postmarked no later than sixty (60) days after the Notice Date. Any Class Member may submit a Request for Exclusion from

-17-

the Settlement at any time during the Opt-Out Period. To be valid, the Request for Exclusion must be postmarked or received by the Settlement Administrator on or before the end of the Opt-Out Period. In the event a Class Member submits a Request for Exclusion to the Settlement Administrator via US Mail, such Request for Exclusion must be in writing and must identify the case name *In re Enzo Biochem Data Security Incident*; state the name, address and telephone number of the Class Member seeking exclusion; be physically signed by the person(s) seeking exclusion; and must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *In re Enzo Biochem Data Security Incident*." Any person who elects to request exclusion from the Settlement Class shall not (i) be bound by any orders or Judgment entered in the Action, (ii) be entitled to relief under this Agreement, (iii) gain any rights by virtue of this Agreement, or (iv) be entitled to object to any aspect of this Agreement. Requests for Exclusion may only be done on an individual basis, and no person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

6.9   Objections. The Notice shall explain that the procedure for Class Members to object to the Settlement is by submitting written objections to the Court no later than sixty (60) days after the Notice Date (the "Objection Deadline"). Any Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. Any Class Member who wishes to object to the Settlement, the Settlement Benefits, Service Awards, and/or the Fee Award and Costs, or to appear at the Final Approval Hearing and show cause, if any, for why the Settlement should not be approved as fair, reasonable, and adequate to the Class, why a final judgment should not be entered thereon, why the Settlement Benefits should not be approved, or why the Service Awards and/or the Fee Award and Costs should not be granted, may do so, but must proceed as set forth in this paragraph. All written objections and supporting papers must clearly (a) identify the case name and number; (b) state the Class Member's full name, current mailing address, and telephone number; (c) contain a statement by the Class Member that he or she believes themself to be a member of the Settlement Class; (d) include proof that the Class Member is a member of the Settlement Class (e.g., copy of the settlement notice, copy of the original notice of the Network Incident); (e) identify the specific factual and legal grounds for the objection; (f) identify whether the objection is an objection to the Settlement in part or in whole; (g) state whether the objection applies only to the objector, a subset of the Settlement Class, or the entire Settlement Class; (h) identify all counsel representing the Class Member, if any; (j) include all documents or writings that the Class Member desires the Court to consider; (k) contain a statement regarding whether the Class Member (or counsel of his or her choosing) intends to appear at the Final Approval Hearing; and (l) contain the signature of the Class Member or the Class Member's duly authorized attorney or representative. All objections must be served upon Class Counsel identified below and/or filed in the above-referenced action. All objections must be filed or postmarked on or before the Objection Deadline, as set forth above. Any Class Member who does not make their objections in the manner and by the date set forth in this paragraph shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or

-18-

proceeding, absent further order of the Court. Without limiting the foregoing, any challenge to the Settlement Agreement, the Order Granting Preliminary Approval of the Class Action Settlement Agreement, and the Final Approval Order and Judgment shall be pursuant to appeal under the applicable rules of appellate procedure and not through a collateral attack. The Court, in its discretion, may authorize additional discovery of objectors.

6.10    In the event that within ten (10) days after the conclusion of the Opt-Out Period as approved by the Court, there have been more than 40 Opt-Outs (persons who wish to be excluded), Enzo may, by notifying Class Counsel in writing, void this Settlement Agreement. If Enzo voids this Settlement Agreement under this paragraph then, (a) the Parties shall be restored to their respective position in the Action and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; and (b) the terms and provisions of the Settlement Agreement and statements made in connection with approval of the Agreement shall have no further force and effect with respect to Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

## 7.    SETTLEMENT ADMINISTRATION

7.1    <u>Submission of Claims</u>.

(a)    <u>Submission of Electronic and Hard Copy Claims</u>. Class Members may submit electronically verified Claim Forms to the Settlement Administrator through the Settlement Website or may download Claim Forms to be filled out, signed, and submitted physically by mail to the Settlement Administrator. Claim Forms must be submitted electronically or postmarked during the Claims Period and on or before the Claims Deadline. The Settlement Administrator shall reject any Claim Forms that are incomplete, inaccurate, or not timely received and will provide Claimants notice and the ability to cure defective claims, unless otherwise noted in this Agreement.

(b)    <u>Review of Claim Forms</u>. The Settlement Administrator will review Claim Forms submitted by Class Members to determine whether they are eligible for a Settlement Payment.

7.2    <u>Settlement Administrator's Duties</u>.

(a)    <u>Cost Effective Claims Processing</u>. The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner, and calculate Settlement Payments in accordance with this Agreement.

-19-

(b)    <u>Dissemination of Notices</u>. The Settlement Administrator shall disseminate the Notice as provided for in this Agreement.

(c)    <u>Maintenance of Records</u>. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Enzo's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may request. Upon request, the Settlement Administrator shall provide Class Counsel and Enzo's Counsel with information concerning Notice, administration, and implementation of the Settlement. Without limiting the foregoing, the Settlement Administrator also shall:

(i)    Receive Requests for Exclusion from Class Members and provide Class Counsel and Enzo's Counsel a copy thereof no later than five (5) days following the deadline for submission of the same. If the Settlement Administrator receives any Requests for Exclusion or other requests from Class Members after expiration of the Opt-Out Period, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Enzo's Counsel;

(ii)    Provide weekly reports to Class Counsel and Enzo's Counsel that include, without limitation, reports regarding the number of Claim Forms received, the number of Claim Forms approved by the Settlement Administrator, the amount of Claims Forms received (including a breakdown of what types of claims were received and approved), and the categorization and description of Claim Forms rejected by the Settlement Administrator. The Settlement Administrator shall also, as requested by Class Counsel or Enzo's Counsel and from time to time, provide the amounts remaining in the Net Settlement Fund;

(iii)    Make available for inspection by Class Counsel and Enzo's Counsel the Claim Forms and any supporting documentation received by the Settlement Administrator at any time upon reasonable notice;

(iv)    Cooperate with any audit by Class Counsel or Enzo's Counsel, who shall have the right but not the obligation to review, audit, and evaluate all Claim Forms for accuracy, veracity, completeness, and compliance with the terms and conditions of this Agreement.

7.3    <u>Requests For Additional Information</u>: In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Class Member who submits a Claim Form.

-20-

8.    **SERVICE AWARDS**

8.1    Class Representatives and Class Counsel may seek Service Awards for the Class Representatives in an amount not to exceed one thousand five hundred dollars and no cents ($1,500). Class Counsel may file a motion seeking Service Awards for the Class Representatives on or before fourteen (14) days prior to the Objection Deadline.

8.2    The Settlement Administrator shall pay the Service Awards approved by the Court to the Class Representatives from the Settlement Fund. Such Service Awards shall be paid by the Settlement Administrator, in the amount approved by the Court, within five (5) Business Days after the Effective Date.

8.3    In the event the Court declines to approve, in whole or in part, the payment of the Service Award in the amounts requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the Service Award shall constitute grounds for cancellation or termination of this Agreement.

8.4    The Parties did not discuss or agree upon the amount of the Service Awards for which Class Representatives can apply for until after the substantive terms of the Settlement had been agreed upon.

9.    **ATTORNEYS' FEES, COSTS, AND EXPENSES**

9.1    Class Counsel may file a motion for an award of attorneys' fees, costs, and expenses to be paid from the Settlement Fund no later than fourteen (14) days prior to the Objection Deadline. Any attorneys' fees, costs, and expenses awarded by the Court to Class Counsel shall be paid in the amount approved by the Court by the Settlement Administrator from the Settlement Fund within five (5) Business Days after the Effective Date.

9.2    Unless otherwise ordered by the Court, Class Counsel shall have the sole and absolute discretion to allocate any approved Fee Award and Costs amongst themselves.

9.3    The Settlement is not conditioned upon the Court's approval of an award of Class Counsel's attorneys' fees, costs, or expenses. The Parties did not discuss or agree upon the amount of attorneys' fees, costs, and expenses until after the substantive terms of the Settlement had been agreed upon.

10.    **EFFECTIVE DATE, MODIFICATION, AND TERMINATION**

10.1    The Effective Date of the Settlement shall be the first day after all of the following conditions have occurred:

(a)    Enzo and Class Counsel execute this Agreement;

-21-

(b)    The Court enters the Preliminary Approval Order, without material change to the Parties' agreed-upon proposed preliminary approval order attached hereto as **Exhibit E**;

(c)    Notice is provided to the Settlement Class consistent with the Preliminary Approval Order;

(d)    The Court enters the Final Approval Order and Judgment, without material change to the Parties' agreed-upon proposed Final Approval Order and Judgment attached hereto as **Exhibit B** and **Exhibit C**, respectively; and

(e)    The Final Approval Order and Judgment has become "Final" because: (i) the time for appeal, petition, rehearing or other review has expired; or (ii) if any appeal, petition, request for rehearing or other review has been filed, the Final Approval Order and Judgment is affirmed without material change or the appeal is dismissed or otherwise disposed of, no other appeal, petition, rehearing or other review is pending, and the time for further appeals, petitions, requests for rehearing or other review has expired.

10.2    If the Court declines to enter the Preliminary Approval Order, declines to enter the Final Approval Order and Judgment, or the Final Approval Order and Judgment does not become Final (as described in Paragraph 10.1(e) of this Agreement), Enzo may at its sole discretion terminate this Agreement on five (5) Business Days written notice from Enzo's Counsel to Class Counsel.

10.3    In the event the terms or conditions of this Settlement Agreement are materially modified by any court, any Party in its sole discretion to be exercised within fourteen (14) days after such modification may declare this Settlement Agreement null and void. In the event of a material modification by any court, and in the event the Parties do not exercise their unilateral options to withdraw from this Settlement Agreement pursuant to this Paragraph, the Parties shall meet and confer within seven (7) days of such ruling to attempt to reach an agreement as to how best to effectuate the court-ordered modification. For the avoidance of doubt, a "material modification" shall not include any reduction by the Court of the attorneys' fees, costs, or expenses and/or Service Awards.

10.4    Except as otherwise provided herein, in the event the Settlement is terminated, the Parties to this Agreement, including Class Members, shall be deemed to have reverted to their respective status in the Action immediately prior to the execution of this Agreement, and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered. In addition, the Parties agree that in the event the Settlement is terminated, any orders entered pursuant to the Agreement shall be deemed null and void and vacated and shall not be used in or cited by any person or entity in support of claims or defenses.

-22-

10.5    In the event this Agreement is terminated pursuant to any provision herein, then the Settlement proposed herein shall become null and void (with the exception of Sections 3.12, 3.13, 3.1, 10.5, and 10.6 herein) and shall have no legal effect and may never be mentioned at trial or in dispositive or class motions or motion papers (except as necessary to explain the timing of the procedural history of the Action), and the Parties will return to their respective positions existing immediately before the execution of this Agreement.

10.6    Notwithstanding any provision of this Agreement, in the event this Agreement is not approved by any court, or terminated for any reason, or the Settlement set forth in this Agreement is declared null and void, or in the event that the Effective Date does not occur, Class Members, Plaintiffs, and Class Counsel shall not in any way be responsible or liable for any of the Administrative Expenses, or any expenses, including costs of notice and administration, associated with this Settlement or this Agreement, except that each Party shall bear its own attorneys' fees, costs, and expenses.

## 11.    NO ADMISSION OF WRONGDOING OR LIABILITY

11.1    This Agreement, whether or not consummated, any communications and negotiations relating to this Agreement or the Settlement, and any proceedings taken pursuant to the Agreement:

(a)    shall not be offered or received against Enzo as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Enzo with respect to the truth of any fact alleged by any Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of Enzo;

(b)    shall not be offered or received against Enzo as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Enzo;

(c)    shall not be offered or received against Enzo as evidence of a presumption, concession or admission with respect to any liability, negligence, fault, breach of duty, or wrongdoing, or in any way referred to for any other reason as against Enzo, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; provided, however, that if this Agreement is approved by the Court, the Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)    shall not be construed against Enzo as an admission or concession that the consideration to be given hereunder represents the relief that could be or would have been awarded after trial; and

(e)    shall not be construed as or received in evidence as an admission, concession or presumption against the Class Representatives or any Class Member that any of their claims are without merit, or that any defenses asserted by Enzo have any merit.

## 12.    REPRESENTATIONS

12.1    Each Party represents that: (i) such Party has full legal right, power, and authority to enter into and perform this Agreement, subject to Court approval; (ii) the execution and delivery of this Agreement by such Party and the consummation by such Party of the transactions contemplated by this Agreement have been duly authorized by such Party; (iii) this Agreement constitutes a valid, binding, and enforceable agreement; and (iv) no consent or approval of any person or entity is necessary for such Party to enter into this Agreement.

## 13.    NOTICE

13.1    All notices to Class Counsel provided for in this Agreement shall be sent by email (to all email addresses set forth below) and by First-Class mail to all of the following:

> Jean Martin
> jeanmartin@forthepeople.com
> **MORGAN & MORGAN COMPLEX LITIGATION GROUP**
> 201 N. Franklin Street 7th Floor
> Tampa, FL 33602
> Telephone: (813) 559-4908

> James J. Pizzirusso
> jpizzirusso@hausfeld.com
> **HAUSFELD LLP**
> 888 16th St. NW, Suite 300
> Washington, DC 20006
> Telephone: (202) 540-7200

13.2    All notices to Enzo or Enzo's Counsel provided for in this Agreement shall be sent by email and First-Class mail to the following:

> Robyn M. Feldstein
> rfeldstein@bakerlaw.com
> **BAKER & HOSTETLER LLP**
> 45 Rockefeller Plaza
> New York, NY 11101
> Telephone: (212) 589-0200

> Paul G. Karlsgodt
> pkarlsgodt@bakerlaw.com

-24-

1801 California Street
Suite 4400
Denver, CO 80202
Telephone: (303) 861-0600

13.3    All notices to the Settlement Administrator provided for in this Agreement shall be sent by email and First-Class mail to the following address:

Angeion Group
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
bwilmot@angeiongroup.com

13.4    The notice recipients and addresses designated in this Section may be changed by written notice.

## 14.    MISCELLANEOUS PROVISIONS

14.1    Representation by Counsel. The Class Representatives and Enzo represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and have been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein.

14.2    Reasonable Efforts. The Parties agree that they will make all reasonable efforts needed to reach the Effective Date and fulfill their obligations under this Agreement.

14.3    Contractual Agreement. The Parties understand and agree that all terms of this Agreement, including the Exhibits thereto, are contractual and are not a mere recital, and each signatory warrants that he, she, or it is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that they or it represents.

14.4    Integration. This Agreement constitutes the entire agreement among the Parties, and no representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties and covenants contained and memorialized herein.

14.5    No Additional Persons with Financial Interest. Enzo shall not be liable for any additional attorneys' fees, costs, and expenses of any Class Members' counsel, including any potential objectors or counsel representing a Class Member, other than what is expressly provided for in this Agreement.

14.6    Drafting. The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of *contra proferentum*. This Settlement Agreement is a collaborative effort of the

-25-

Parties and their attorneys that was negotiated on an arm's-length basis between parties of equal bargaining power. Accordingly, this Agreement shall be neutral, and no ambiguity shall be construed in favor of or against any of the Parties. The Parties expressly waive any otherwise applicable presumption(s) that uncertainties in a contract are interpreted against the party who caused the uncertainty to exist.

14.7    Modification or Amendment. This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the persons who executed this Agreement or their successors-in-interest.

14.8    Waiver. The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement. In addition, the waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

14.9    Severability. Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality or enforceability of any other provision hereunder.

14.10   Successors. This Settlement Agreement shall be binding upon and inure to the benefit of the heirs, successors and assigns of the Parties thereto.

14.11   Survival. The Parties agree that the terms set forth in this Agreement shall survive the signing of this Agreement.

14.12   Governing Law. All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the state of New York, without reference to its conflict of law provisions, except to the extent the federal law of the United States requires that federal law governs.

14.13   Interpretation.

(a)    Definitions apply to the singular and plural forms of each term defined.

(b)    Definitions apply to the masculine, feminine, and neuter genders of each term defined.

(c)    Whenever the words "include," "includes" or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

14.14   No Precedential Value. The Parties agree and acknowledge that this Agreement carries no precedential value.

14.15   Fair and Reasonable. The Parties and their counsel believe this Agreement is a fair and reasonable compromise of the disputed claims, in the best interest of the Parties, and have arrived at this Agreement as a result of arm's-length negotiations.

14.16   Retention of Jurisdiction. The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of this Court, and this Court shall retain jurisdiction over the Settlement and the Parties for the purpose of enforcing the terms of this Agreement.

14.17   Headings. Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement. In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

14.18   Exhibits. The exhibits to this Agreement and any exhibits thereto are an integral and material part of the Settlement. The exhibits to this Agreement are expressly incorporated by reference and made part of the terms and conditions set forth herein.

14.19   Counterparts and Signatures. This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts. Digital signatures shall have the same force and effect as the original.

14.20   Facsimile and Electronic Mail. Transmission of a signed Agreement by facsimile or electronic mail shall constitute receipt of an original signed Agreement by mail.

14.21   No Assignment. Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title or interest in or to any of the Released Claims.

14.22   Deadlines. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next Business Day. All reference to "days" in this Agreement shall refer to calendar days, unless otherwise specified. The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

14.23   Dollar Amounts. All dollar amounts are in United States dollars, unless otherwise expressly stated.

4920-6268-0845.1

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by their duly authorized counsel:

**MORGAN & MORGAN**

Dated: January 13, 2025

Jean Martin

**HAUSFELD LLP**

Dated: January 13, 2025

James Pizzirusso

**BAKER & HOSTETLER LLP**

Dated: January 10, 2025

Robyn Feldstein

**ENZO BIOCHEM, INC. AND ENZO CLINICAL LABS, INC.**

2025-01-13 | 10:13:58 EST

Dated: January___, 2025

Kara Cannon

Kara Cannon

-28-

# EXHIBIT A

<table>
<tr><td>

**Your claim must be submitted online or <u>postmarked by</u>:** [DEADLINE]

</td><td>

***In re: Enzo Biochem Data Security Litigation***
Case No. 2:23-cv-04282-GRB-AYS
United States District Court, Eastern District of New York

**CLAIM FORM**

</td><td>

**ENZO-BIO CLAIM**

</td></tr>
</table>

## GENERAL INSTRUCTIONS

### You are a member of the Settlement Class and eligible to submit a Claim Form if you are:

A natural person who is resident of the United States and were previously sent notice via U.S. Mail by Enzo Biochem, Inc. and Enzo Clinical Labs, Inc., ("Enzo") that your Personal Information may have been compromised in the Network Incident experienced by Enzo.

"Network Incident" refers to Ransomware Attack on or about April 6, 2023 suffered by Enzo that is the subject of the Action.

**Excluded from the Settlement Class are**: (1) the Judges presiding over the Action and members of their families; (2) Enzo, its subsidiaries, parent companies, successors, predecessors, and any entity in which Enzo or its parents have a controlling interest, and its current or former officers and directors; (3) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person.

### The Settlement Benefits

**Documented Loss Payment.** Class Members may submit a claim for a Settlement Payment of up to $10,000.00 for reimbursement of out-of-pocket expenses and losses in the form of a Documented Loss Payment. To receive a Documented Loss Payment, a Class Member must choose to do so on their Claim Form and submit to the Settlement Administrator the following: (i) a valid Claim Form electing to receive the Documented Loss Payment benefit; (ii) an attestation regarding any actual and unreimbursed Documented Loss made under penalty of perjury; and (iii) Reasonable Documentation that demonstrates the Documented Loss to be reimbursed pursuant to the terms of the Settlement. Claimants who submit a Claim Form for a Documented Loss Payment will not be permitted to make a claim for the Cash Fund Payment.

**Cash Fund Payment.** Class Members may submit a claim to receive a pro rata Settlement Payment in cash ("Cash Fund Payment"). The amount of the Cash Fund Payment will not be determined until all Claim Forms have been received and evaluated.

**Healthcare Data and Credit Monitoring and Insurance Services ("CMIS").** In addition to making a claim for the Settlement Payments available under the Documented Loss Payment <u>or</u> the Cash Fund Payment, all Class Members may submit a claim for 2 years of coverage through Medical Shield Premium.

**QUESTIONS? VISIT WWW._____.COM OR CALL TOLL-FREE 1-XXX-XXX-XXXX**

<table>
<tr><td>

**Your claim must be submitted online or <u>postmarked by</u>: [DEADLINE]**

</td><td>

*In re: Enzo Biochem Data Security Litigation*
Case No. 2:23-cv-04282-GRB-AYS
United States District Court, Eastern District of New York

# CLAIM FORM

</td><td>

**ENZO-BIO CLAIM**

</td></tr>
</table>

## I.  SETTLEMENT CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

|  |  |
|---|---|
| **First Name** | **Last Name** |

| |
|---|
| **Street Address** |

| | | |
|---|---|---|
| **City** | **State** | **Zip Code** |

| | | |
|---|---|---|
| **Email Address** | **Telephone Number** | **Notice ID, if known** |

## II.  DOCUMENTED LOSS PAYMENT

☐  Check this box if you are requesting compensation for **Documented Losses** up to a total of $10,000.00. **You must submit supporting documentation demonstrating actual, unreimbursed documented losses related to the Network Incident.**

*Complete the chart below describing the supporting documentation you are submitting.*

| Description of Documentation Provided | Amount |
|---|---|
| *Example: Receipt for credit repair services* | *$100* |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
| **TOTAL AMOUNT CLAIMED:** |  |

☐  You must check this box to attest under penalty of perjury that the Documented Losses you listed above actually occurred, were related to the Network Incident, and that you have not been reimbursed for these Documented Losses.

## III.  CASH FUND PAYMENT

☐  Check this box if you wish to receive a Cash Fund Payment instead of a payment for Documented Losses. You do <u>not</u> have to provide supporting documentation to receive the Cash Award.

**QUESTIONS? VISIT WWW._____.COM OR CALL TOLL-FREE 1-XXX-XXX-XXXX**

4900-2647-7069.1

<table>
<tr>
<td>

**Your claim must be submitted online or <u>postmarked by</u>:** [<mark>DEADLINE</mark>]

</td>
<td align="center">

*In re: Enzo Biochem Data Security Litigation*
Case No. 2:23-cv-04282-GRB-AYS
United States District Court, Eastern District of New York

**CLAIM FORM**

</td>
<td align="center">

**ENZO-BIO CLAIM**

</td>
</tr>
</table>

## IV.  HEALTHCARE DATA & CREDIT MONITORING AND INSURANCE SERVICES ("CMIS")

☐    Check this box if you wish to enroll in Healthcare Data and Credit Monitoring and Insurance Services.

A unique redemption code, allowing Class Members to enroll in these services will be sent to each Class Member who submits a valid claim for such services after the Court approves the Settlement as final and after any appeals are resolved.

## V.  PAYMENT SELECTION

Please select **<u>one</u>** of the following payment options:

☐  **PayPal** - Enter your PayPal email address: _____

☐  **Venmo -** Enter the mobile number associated with your Venmo account: __ __ __-__ __ __-__ __ __ __

☐  **Zelle -** Enter the mobile number or email address associated with your Zelle account:

Mobile Number: __ __ __-__ __ __-__ __ __ __    or Email Address: _____

☐  **Virtual Prepaid Card -** Enter your email address: _____

☐  **Physical Check -** Payment will be mailed to the address provided in Section I above.

## VI.  AFFIRMATION & SIGNATURE

I swear and affirm under penalty of perjury pursuant to laws of the United States of America that the information provided in this Claim Form, and any supporting documentation provided is true and correct to the best of my knowledge. I understand that my claim is subject to verification and that I may be asked to provide supplemental information by the Settlement Administrator before my claim is considered complete and valid.

_____    _____    _____
Signature                                              Printed Name                                           Date

Mail your completed Claim Form along with supporting documentation to: **In re: Enzo Biochem Data Security Litigation, Attn: Claim Forms, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103**. Do <u>not</u> include original copies of your supporting documentation, as the documentation will not be returned to you.

Alternatively, you may complete and submit your Claim Form online at <mark>WEBSITE</mark>.

**QUESTIONS? VISIT <mark>WWW._____.COM</mark> OR CALL TOLL-FREE 1-<mark>XXX-XXX-XXXX</mark>**

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ENZO BIOCHEM DATA SECURITY LITIGATION | Lead Case No. 2:23-cv-04282-GRB-AYS |
| This Document Relates To: *All Cases* | Hon. Gary R. Brown |

## [PROPOSED] FINAL APPROVAL ORDER AND ORDER GRANTING APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

WHEREAS, Plaintiffs Elyssa Crimeni, Elizabeth Delgrosso, Annette DiIorio, Eliana Epstein, Elizabeth Garfield, Gita Garfinkel, Mark Guthart, Tony Johnson, Nino Khakhiashvili, Margo Kupinska, Paula Magnani, Shana McHugh, Mary Namorato, Robert Pastore, Saribel Rodriguez, and Izza Shah ("Plaintiffs") in the above-captioned class action have entered into a Settlement Agreement and Release (the "Settlement Agreement"), individually and on behalf of the Settlement Class, with Defendants Enzo Biochem, Inc. and Enzo Clinical Labs, Inc. (collectively, "Enzo" or "Defendants"), dated _____;

WHEREAS, Plaintiffs and Class Counsel have submitted to the Court an Unopposed Motion for Final Approval of Class Action Settlement and Application for Attorneys' Fees, Costs, and Service Awards;

WHEREAS, this Final Approval Order incorporates the Settlement Agreement, and its exhibits, and the terms used herein shall have the meaning and/or definitions given to them in the Settlement Agreement, as submitted to the Court with the Motion for Preliminary Approval;

WHEREAS, on _____, the Court entered a Preliminary Approval Order, which: (i) preliminarily approved the Settlement Agreement; (ii) determined that, for purposes of the Settlement Agreement only, this Action should proceed as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3); (iii) appointed Plaintiffs as Class Representatives for

Settlement purposes only; (iv) appointed James J. Pizzirusso of Hausfeld LLP and Jean S. Martin of Morgan & Morgan Complex Litigation Group as Class Counsel for Settlement purposes only; (v) appointed Angeion Group as the Settlement Administrator to administer the Notice Plan and the Settlement Agreement; (vi) approved the form and manner of Notice; and (vii) set a hearing date to consider Final Approval of the Settlement Agreement; and

WHEREAS, Notice was provided to all persons identified in the Settlement Class List in accordance with the Court's Preliminary Approval Order by individual mailings to all persons in the Settlement Class who could be reasonably identified; and

WHEREAS, a notice of Settlement Agreement was mailed on _____, to governmental entities as provided for in 28 U.S.C. § 1715; and

WHEREAS, on _____, 2025, at __:__ a.m./p.m., at the United States District Court for the Eastern District of New York, 100 Federal Plaza, Courtroom 940, Central Islip, New York 11722-9014, The Honorable Gary R. Brown held a Final Approval Hearing to determine whether the Settlement Agreement was fair, reasonable, and adequate, and to consider the Application for Attorneys' Fees, Costs, and Service Awards; and

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement Agreement, having considered all the other files, records, and proceedings in this Action, and being otherwise fully advised,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.      This Court has jurisdiction over the subject matter of this Action and over all Parties to the Action, including all Settlement Class Members.

2.      This Final Approval Order incorporates the definitions in the Settlement Agreement, and all terms used in this Final Approval Order have the same meanings as set forth

- 2 -

in the Settlement Agreement, unless otherwise defined herein.

3.      The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice. The Notice fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23(e)(1), and all other applicable laws and rules.

4.      The notice to governmental entities, as given, complied with 28 U.S.C. § 1715.

5.      Applying the factors set forth in Federal Rule of Civil Procedure 23(e)(2), the Settlement set forth in the Settlement Agreement: (i) is in all respects fair, reasonable, and adequate to the Settlement Class; (ii) was the product of informed, arm's-length negotiations among competent, able counsel; and (iii) was made based upon a record that is sufficiently developed and complete to have enabled the Class Representatives and Defendants to adequately evaluate and consider the strengths and weaknesses of their respective positions.

6.      The Settlement relief is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing the Settlement Fund to the Settlement Class; and (iii) the terms of any proposed award of attorneys' fees, including timing of payment.

7.      The Settlement Agreement treats Settlement Class Members equitably relative to each other. In finding the Settlement Agreement fair, reasonable, and adequate, the Court has also considered the number of opt-outs from the Settlement, the lack of any meritorious objections by Settlement Class Members, and the opinions of competent counsel concerning such matters. The Court has considered duly filed objections to the Settlement Agreement, if any, and to the extent such objections have not been withdrawn, superseded, or otherwise resolved, they are overruled

and denied in all respects on their merits.

8.    The Class Representatives and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement Agreement.

9.    _____ members of the Settlement Class validly submitted a notice of intention to opt-out, as identified on the opt-out list attached as **Exhibit A**, and shall not be bound by the Settlement Agreement.

10.    Because the Court approves the Settlement Agreement as fair, adequate, and reasonable, the Court authorizes and directs implementation of all terms and provisions of the Settlement Agreement.

11.    All Parties to this Action, and all Settlement Class Members, are bound by the Settlement as set forth in the Settlement Agreement and this Final Approval Order.

12.    The appointment of Plaintiffs Elyssa Crimeni, Elizabeth Delgrosso, Annette DiIorio, Eliana Epstein, Elizabeth Garfield, Gita Garfinkel, Mark Guthart, Tony Johnson, Nino Khakhiashvili, Margo Kupinska, Paula Magnani, Shana McHugh, Mary Namorato, Robert Pastore, Saribel Rodriguez, and Izza Shah as Class Representatives is affirmed.

13.    The appointment of James J. Pizzirusso of Hausfeld LLP and Jean S. Martin of Morgan & Morgan Complex Litigation Group as Class Counsel is affirmed.

14.    The Court affirms the finding that the Settlement Class meets the relevant requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) for Settlement purposes in that: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to Settlement Class Members; (c) the claims of the Class Representatives are typical of the claims of Settlement Class Members; (d) the Class

- 4 -

Representatives are adequate representatives for the Settlement Class, and have retained experienced counsel to represent them; (e) the questions of law and fact common to Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

15.     The Class Representatives and each Settlement Class Member, and each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by entireties, agents, attorneys, and all those who claim through them or on their behalf ("Releasing Parties"), will be deemed to have fully and irrevocably released and forever discharged Defendants and each of their present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and their present and former directors, officers, employees, agents, insurers, members, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, and successors ("Released Parties"), of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort, or any other theory, that arise from or relate to the Network Incident at issue in this Action ("Released Claims"). The Class Representatives are hereby conclusively deemed to have waived California Civil Code Section 1542 and any other similar statutes, laws, or legal principles of any state.

16.     Plaintiffs or any Settlement Class Member may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the Released Claims, or the law applicable to such claims may change. Nonetheless, each of

- 5 -

those individuals expressly agrees that, as of the Effective Date, he or she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, and contingent or non-contingent claims with respect to all of the matters described in or subsumed by herein. Further, each of those individuals agrees and acknowledges that he or she shall be bound by the Settlement Agreement, including by the release herein, and that all of their claims in this Action shall be released, whether or not such claims are concealed or hidden, without regard to subsequent discovery of different or additional facts and subsequent changes in the law, and even if he or she never receives actual notice of the Settlement Agreement and/or never receives a distribution of funds or credits from the Settlement Agreement.

17.    In addition to the releases made by Plaintiffs and Settlement Class Members above, Plaintiffs, including each and every one of their agents, representatives, attorneys, heirs, assigns, or any other person acting on their behalf or for their benefit, and any person claiming through them, make the additional following general release of all claims, known or unknown, in exchange and consideration of the Settlement set forth in the Settlement Agreement. The Named Plaintiffs agree to a general release of the Released Parties from all claims, demands, rights, liabilities, grievances, demands for arbitration, and causes of action of every nature and description whatsoever, known or unknown, pending or threatened, asserted or that might have been asserted, whether brought in tort or in contract, whether under state or federal or local law.

18.    The Class Representatives and all Settlement Class Members are hereby barred and permanently enjoined from brining on behalf of themselves, or through any person purporting to act on their behalf or purporting to assert a claim under or through them, any of the Released Claims against the Released Parties in any forum, action, or proceeding of any kind.

- 6 -

19.     The Distribution of Settlement Payments as described in the Settlement Agreement and Notice to all Settlement Class Members is hereby approved, subject to modification by further order of this Court, which may, at the discretion of the Court, be entered without further notice to Settlement Class Members. Any order or proceedings relating to the Distribution of Settlement Payments or amendments thereto shall not operate to terminate or cancel the Settlement Agreement or affect the finality of this Final Approval Order.

20.     The Court hereby decrees that neither the Settlement Agreement, nor this Final Approval Order, nor the fact of the Settlement, is an admission or concession by Defendants or the Released Parties of any fault, wrongdoing or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Final Approval Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this Action. Nothing relating to the Settlement Agreement shall be offered or received in evidence as an admission, concession, presumption or inference against Defendants or the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement or to support a defense based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

21.     Class Counsel is awarded attorneys' fees in the amount of $_____ and costs in the amount of $_____, such amounts to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court concludes that the attorneys' fees awarded to Class Counsel meets the requirements of *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000), in all respects.

22.     The Class Representatives are each awarded a Service Award of $_____,

- 7 -

such amounts to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

23.    Defendants shall separately pay the Administrative Expenses incurred by the Settlement Administrator in accordance with the terms of the Settlement Agreement.

24.    The Court hereby retains jurisdiction over: (a) the implementation, enforcement, and performance of the Settlement Agreement; (b) the administration, consummation, and enforcement of the Settlement Agreement; (c) all questions and/or disputes related to the Notice Plan and the Settlement Administrator; and (d) the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against Defendants or their affiliates at any time, including during any appeal from the Final Approval Order.

25.    In the event the Effective Date does not occur or if the Settlement Agreement terminates due to any of the occurrences set forth in the Settlement Agreement, the Settlement Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, and Defendants' obligations under the Settlement Agreement shall cease to be of any force and effect; and the Parties shall return to the status quo *ante* in this Action as if the Parties had not entered into the Settlement Agreement, with all the Parties' respective pre-Settlement rights, claims, and defenses retained and preserved.

26.    This Action is hereby dismissed with prejudice.

27.    There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: _____, 2025

_____
Hon. Gary R. Brown
UNITED STATES DISTRICT JUDGE

4904-1654-6830.1

**EXHIBIT A**

**Opt-Out List**

*To be Completed at Time of Final Approval Hearing*

- 10 -

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ENZO BIOCHEM DATA SECURITY LITIGATION | Lead Case No. 2:23-cv-04282-GRB-AYS |
| This Document Relates To: *All Cases* | Hon. Gary R. Brown |
| | **<u>JUDGMENT</u>** |

WHEREAS, an Order of the Honorable Gary R. Brown, United States District Judge, granting Final Approval of Class Action Settlement and Application for Attorneys' Fees, Costs, and Service Awards, was filed and entered on _____,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.      This Court has jurisdiction over the subject matter of this Action and over all Parties to the Action, including all Settlement Class Members.

2.      This Final Approval Order incorporates the definitions in the Settlement Agreement, and all terms used in this Final Approval Order have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

3.      The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice. The Notice fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23(e)(1), and all other applicable laws and rules.

4.      The notice to governmental entities, as given, complied with 28 U.S.C. § 1715.

5.      Applying the factors set forth in Federal Rule of Civil Procedure 23(e)(2), the Settlement set forth in the Settlement Agreement: (i) is in all respects fair, reasonable, and adequate to the Settlement Class; (ii) was the product of informed, arm's-length negotiations among

competent, able counsel; and (iii) was made based upon a record that is sufficiently developed and complete to have enabled the Class Representatives and Defendants to adequately evaluate and consider the strengths and weaknesses of their respective positions.

6.    The Settlement relief is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing the Settlement Fund to the Settlement Class; and (iii) the terms of any proposed award of attorneys' fees, including timing of payment.

7.    The Settlement Agreement treats Settlement Class Members equitably relative to each other. In finding the Settlement Agreement fair, reasonable, and adequate, the Court has also considered the number of opt-outs from the Settlement, the lack of any meritorious objections by Settlement Class Members, and the opinions of competent counsel concerning such matters. The Court has considered duly filed objections to the Settlement Agreement, if any, and to the extent such objections have not been withdrawn, superseded, or otherwise resolved, they are overruled and denied in all respects on their merits.

8.    The Class Representatives and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement Agreement.

9.    ____ members of the Settlement Class validly submitted a notice of intention to opt-out, as identified on the opt-out list attached as **Exhibit A**, and shall not be bound by the Settlement Agreement.

10.    Because the Court approves the Settlement Agreement as fair, adequate, and reasonable, the Court authorizes and directs implementation of all terms and provisions of the Settlement Agreement.

- 2 -

4913-4112-8718.1

11.     All Parties to this Action, and all Settlement Class Members, are bound by the Settlement as set forth in the Settlement Agreement and this Final Approval Order.

12.     The appointment of Plaintiffs Elyssa Crimeni, Elizabeth Delgrosso, Annette DiIorio, Eliana Epstein, Elizabeth Garfield, Gita Garfinkel, Mark Guthart, Tony Johnson, Nino Khakhiashvili, Margo Kupinska, Paula Magnani, Shana McHugh, Mary Namorato, Robert Pastore, Saribel Rodriguez, and Izza Shah as Class Representatives is affirmed.

13.     The appointment of James J. Pizzirusso of Hausfeld LLP and Jean S. Martin of Morgan & Morgan Complex Litigation Group as Class Counsel is affirmed.

14.     The Court affirms the finding that the Settlement Class meets the relevant requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) for Settlement purposes in that: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to Settlement Class Members; (c) the claims of the Class Representatives are typical of the claims of Settlement Class Members; (d) the Class Representatives are adequate representatives for the Settlement Class, and have retained experienced counsel to represent them; (e) the questions of law and fact common to Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

15.     The Class Representatives and each Settlement Class Member, and each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by entireties, agents, attorneys, and all those who claim through them or on their behalf ("Releasing Parties"), will be deemed to have fully and irrevocably released and forever discharged Defendants and each of their

- 3 -

present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and their present and former directors, officers, employees, agents, insurers, members, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, and successors ("Released Parties"), of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort, or any other theory, that arise from or relate to the Network Incident at issue in this Action ("Released Claims"). The Class Representatives are hereby conclusively deemed to have waived California Civil Code Section 1542 and any other similar statutes, laws, or legal principles of any state.

16.    Plaintiffs or any Settlement Class Member may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the Released Claims, or the law applicable to such claims may change. Nonetheless, each of those individuals expressly agrees that, as of the Effective Date, he or she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, and contingent or non-contingent claims with respect to all of the matters described in or subsumed by herein. Further, each of those individuals agrees and acknowledges that he or she shall be bound by the Settlement Agreement, including by the release herein, and that all of their claims in this Action shall be released, whether or not such claims are concealed or hidden, without regard to subsequent discovery of different or additional facts and subsequent changes in the law, and even if he or she never receives actual notice of the Settlement Agreement and/or never receives a distribution of funds or credits from the Settlement Agreement.

4913-4112-8718.1

17.    In addition to the releases made by Plaintiffs and Settlement Class Members above, Plaintiffs, including each and every one of their agents, representatives, attorneys, heirs, assigns, or any other person acting on their behalf or for their benefit, and any person claiming through them, make the additional following general release of all claims, known or unknown, in exchange and consideration of the Settlement set forth in the Settlement Agreement. The Named Plaintiffs agree to a general release of the Released Parties from all claims, demands, rights, liabilities, grievances, demands for arbitration, and causes of action of every nature and description whatsoever, known or unknown, pending or threatened, asserted or that might have been asserted, whether brought in tort or in contract, whether under state or federal or local law.

18.    The Class Representatives and all Settlement Class Members are hereby barred and permanently enjoined from brining on behalf of themselves, or through any person purporting to act on their behalf or purporting to assert a claim under or through them, any of the Released Claims against the Released Parties in any forum, action, or proceeding of any kind.

19.    The Distribution of Settlement Payments as described in the Settlement Agreement and Notice to all Settlement Class Members is hereby approved, subject to modification by further order of this Court, which may, at the discretion of the Court, be entered without further notice to Settlement Class Members. Any order or proceedings relating to the Distribution of Settlement Payments or amendments thereto shall not operate to terminate or cancel the Settlement Agreement or affect the finality of this Final Approval Order.

20.    The Court hereby decrees that neither the Settlement Agreement, nor this Final Approval Order, nor the fact of the Settlement, is an admission or concession by Defendants or the Released Parties of any fault, wrongdoing or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Final Approval

- 5 -

Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this Action. Nothing relating to the Settlement Agreement shall be offered or received in evidence as an admission, concession, presumption or inference against Defendants or the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement or to support a defense based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

21.    Class Counsel is awarded attorneys' fees in the amount of $_____ and costs in the amount of $_____, such amounts to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court concludes that the attorneys' fees awarded to Class Counsel meets the requirements of *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000), in all respects.

22.    The Class Representatives are each awarded a Service Award of $_____, such amounts to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

23.    Defendants shall separately pay the Administrative Expenses incurred by the Settlement Administrator in accordance with the terms of the Settlement Agreement.

24.    The Court hereby retains jurisdiction over: (a) the implementation, enforcement, and performance of the Settlement Agreement; (b) the administration, consummation, and enforcement of the Settlement Agreement; (c) all questions and/or disputes related to the Notice Plan and the Settlement Administrator; and (d) the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against Defendants or their affiliates at any time, including during any appeal

- 6 -

from the Final Approval Order.

25.     In the event the Effective Date does not occur or if the Settlement Agreement terminates due to any of the occurrences set forth in the Settlement Agreement, the Settlement Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, and Defendants' obligations under the Settlement Agreement shall cease to be of any force and effect; and the Parties shall return to the status quo *ante* in this Action as if the Parties had not entered into the Settlement Agreement, with all the Parties' respective pre-Settlement rights, claims, and defenses retained and preserved.

26.     This Action is hereby dismissed with prejudice.

DATED: _____, 2025     _____

Clerk of Court

**EXHIBIT A**

**Opt-Out List**

_To be Completed at Time of Final Approval Hearing_

# EXHIBIT D

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

### *In re: Enzo Biochem Data Security Litigation,* **Case No. 2:23-cv-04282-GRB-AYS**

*A federal court has authorized this notice.  This is <u>not</u> a solicitation from a lawyer.*

> **If you are a natural person and resident of the United States whose Personal Information was potentially compromised in the April 2023 Ransomware Incident suffered by Enzo Clinical Labs, Inc, and were sent notice by Enzo that your Personal Information may have been compromised, a class action settlement may affect your rights.**

A proposed settlement has been reached in a lawsuit entitled *In re: Enzo Biochem Data Security Litigation*, Case No. 2:23-cv-04282 (E.D.N.Y.), relating to the Ransomware Attack perpetrated on Enzo Biochem, Inc., and Enzo Clinical Labs, Inc. ("Enzo" or "Defendants") that occurred on or about April 6, 2023, in which the Personal Information of former patients or individuals otherwise affiliated with Enzo was potentially impacted by criminal hackers ("Network Incident").

The Defendants deny all claims alleged against it and deny all charges of wrongdoing or liability. The settlement is not an admission of wrongdoing or an indication that the Defendants have violated any laws, but rather the resolution of disputed claims.

If you received a notification by U.S. Mail from Enzo about the April 2023 Network Incident, you are included in this Settlement as a "Class Member."

Your legal rights are affected regardless of whether you do or do not act. Read this notice carefully. For complete details, visit WEBSITE or call toll-free 1-XXX-XXX-XXXX.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY: DEADLINE** | Submitting a valid Claim Form is the only way you can receive Settlement Benefits. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT BY: DEADLINE** | If you exclude yourself from this Settlement, you will not receive any benefits from the Settlement, but you also will not release your claims against Enzo. This is the only option that allows you to be part of any other lawsuit against Enzo for the legal claims resolved by this Settlement. If you exclude yourself from the Settlement, you may not object to the Settlement. |
| **OBJECT TO THE SETTLEMENT BY: DEADLINE** | To object to the settlement, you can write to the Court with reasons why you do not agree with the Settlement. You may ask the Court for permission for you or your attorney to speak about your objection at the Final Approval Hearing at your own expense. |
| **DO NOTHING** | If you do nothing, you will not receive any benefits from the Settlement. You will also give up certain legal rights. |

**Questions? Visit WEBSITE or call toll-free 1-XXX-XXX-XXXX**

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION......................................................................PAGE 2

WHO IS INCLUDED IN THE SETTLEMENT?..............................................PAGE 3

THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY .........................PAGE 3

HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM ..................................PAGE 5

REMAINING IN THE SETTLEMENT .......................................................PAGE 5

EXCLUDING YOURSELF FROM THE SETTLEMENT .......................................PAGE 5

THE LAWYERS REPRESENTING YOU.....................................................PAGE 6

OBJECTING TO THE SETTLEMENT .......................................................PAGE 7

THE COURT'S FINAL APPROVAL HEARING ..............................................PAGE 8

IF YOU DO NOTHING ...................................................................PAGE 8

GETTING MORE INFORMATION .........................................................PAGE 8

## BASIC INFORMATION

### 1. Why is this Notice being provided?

The Court directed that this Notice be provided because you have a right to know about a proposed settlement that has been reached in this class action lawsuit and about all of your options before the Court decides whether to grant final approval of the Settlement. If the Court approves the Settlement, and after objections or appeals, if any, are resolved, the Settlement Administrator appointed by the Court will distribute the Settlement Benefits to Class Members who submitted a valid and timely Claim Form. This Notice explains the lawsuit, the Settlement, your legal rights, what payments are available, who is eligible for them, and how to get them.

The Court overseeing this case is the United States District Court for the Eastern District of New York. The case is known as *In re: Enzo Biochem Data Security Litigation*, Case No. 2:23-cv-04282. The individuals who brought this Action are called the Plaintiffs or Class Representatives, and the entities they sued, Enzo Biochem, Inc., and Enzo Clinical Labs, Inc., are called the Defendants.

### 2. What is this lawsuit about?

The Plaintiffs claim that Enzo is liable for the Network Incident and has asserted numerous legal claims against the Defendants. Enzo denies each and all the claims and contentions alleged against it in the Action. Enzo denies all charges of wrongdoing or liability as alleged, or which could be alleged, in the Action.

For more information and to review the complaint filed in this Action, visit WEBSITE.

### 3. What is a class action Settlement?

In a class action, one or more people called Plaintiff or Plaintiffs sue on behalf of people who have similar claims. Together, these people are called a Settlement Class or Class Members. One Court and one judge resolve the issues for all Class members, except for those who exclude themselves from the Settlement Class.

### 4.  Why is there a Settlement?

The Court did not decide in favor of the Plaintiffs or Enzo. Instead, a settlement with Enzo was negotiated that allows the Plaintiffs, the proposed Settlement Class, and Enzo to avoid the risks and costs of lengthy and uncertain litigation and the uncertainty of a trial and appeals. The Settlement provides benefits and allows Class Members to obtain payment for certain costs or losses and other benefits without further delay. Plaintiffs and Class Counsel think the Settlement is in the best interest of all Class Members. This Settlement does not mean that Enzo did anything wrong.

## WHO IS INCLUDED IN THE SETTLEMENT?

### 5.  How do I know if I am part of the Settlement?

The Class includes all natural persons who are residents of the United States whose Personal Information was potentially compromised in the Network Incident and were sent via U.S. Mail notice by Enzo that their Personal Information may have been compromised in the Network Incident.

The Network Incident refers to the network incident that is the subject of the Action during which Enzo was the victim of a Ransomware Attack on or about April 6, 2023.

Class Members were also sent notice of this class action Settlement via mail. If you received notice of this Settlement, you are eligible to receive Settlement Benefits. If you are still not sure whether you are included, you can contact the Settlement Administrator by calling toll-free at 1-XXX-XXX-XXXX or by visiting the Settlement Website at WEBSITE.

### 6.  Are there exceptions to being included in the Settlement?

Yes. Excluded from the Settlement Class are: (1) the Judges presiding over the Action and members of their families; (2) Enzo, its subsidiaries, parent companies, successors, predecessors, and any entity in which Enzo or its parents have a controlling interest, and its current or former officers and directors; (3) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

### 7.  What does the Settlement provide?

The Settlement provides for the creation of a Settlement Fund in the amount of $7,500,000 to pay for: (i) all Administrative Expenses; (ii) any Taxes; (iii) any Service Awards; (iv) any Fee Award and Costs; and (v) the Settlement Payments and/or Settlement Benefits. The Defendant has also agreed to make certain security commitments. Please visit WEBSITE for complete information about the Settlement Benefits.

**The following Settlement Benefits are available to the Settlement Class:**

- **Documented Loss Payment:** Up to $10,000.00 for documented losses related to the Network Incident; OR
- **Cash Fund Payment:** *Pro rata* share of the Net Settlement Fund after payment of Documented Loss claims and Healthcare Data and Credit Monitoring and Insurance Services. No documentation is required; AND/OR
- **Two (2) years of Healthcare Data and Credit Monitoring and Insurance Services ("CMIS")**

## 8. What is included under the Documented Loss Payment?

Class Members may submit a claim for a Settlement Payment of up to $10,000.00 for reimbursement of out-of-pocket expenses and losses in the form of a Documented Loss Payment. To receive a Documented Loss Payment, a Class Member must choose to do so on their Claim Form and submit to the Settlement Administrator the following: (i) a valid Claim Form electing to receive the Documented Loss Payment benefit; (ii) an attestation regarding any actual and unreimbursed Documented Loss made under penalty of perjury; and (iii) Reasonable Documentation that demonstrates the Documented Loss to be reimbursed pursuant to the terms of the Settlement. Claimants who submit a Claim Form for a Documented Loss Payment will not be permitted to make a claim for the Cash Fund Payment.

## 9. What is the Cash Fund Payment?

Class Members may submit a claim to receive a pro rata Settlement Payment in cash ("Cash Fund Payment"). The amount of the Cash Fund Payment will not be determined until all Claim Forms have been received and evaluated.

The Settlement Administrator will first apply the Net Settlement Fund to pay for valid claims for CMIS and Documented Loss Payments. The amount of the Net Settlement Fund remaining after payment of the CMIS Settlement Benefit and payment for valid Documented Loss Payment claims is made shall be referred to as the "Post DL/CM Net Settlement Fund." The Settlement Administrator shall then utilize the Post DL/CM Net Settlement Fund to make all Cash Fund Payments. The amount of each Cash Fund Payment shall be calculated by dividing the Post DL/CM Net Settlement Fund by the number of valid claims submitted for (or honored as) a Cash Fund Payment. In the event that the aggregate amount of all Documented Loss Payments and the cost for valid CMIS Claims exceeds the total amount of the Net Settlement Fund, then no payments for claims for Cash Fund Payments will be made, and the duration of the CMIS Settlement Benefit elected by Class Members shall be reduced, on a *pro rata* basis, such that the aggregate value of all Documented Loss Payments and CMIS claims does not exceed the Net Settlement Fund.

## 10. What is included in the Healthcare Data and Credit Monitoring and Insurance Services?

In addition to electing either a Documented Loss Payment or Cash Fund Payment, Class Members may elect to receive two (2) years of healthcare data and credit monitoring coverage through Medical Shield Premium.

## 11. Will the Defendants implement any additional security measures?

Yes. Enzo agrees to adopt, continue, and/or implement the following (or substantially similar) data security measures for a period of no less than 1 (one) year from the Effective Date of the Settlement:

a) Multi-factor authentication for all individual user accounts, including system administrator accounts, and for remote access to its computer network;
b) Policies and procedures requiring the use of strong, complex passwords and password rotation, and ensuring that stored passwords are properly protected from unauthorized access;
c) Encryption of consumer personal information that they collect, store, transmit, and/or maintain using an encryption method appropriate to the sensitivity of the consumer personal information; and,
d) Reasonable intrusion detection and prevention (IDS/IPS) systems designed to detect and prevent unauthorized access to its environment.

## HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM

### 12.  How do I get benefits from the Settlement?

In order to receive a Documented Loss Payment, Cash Fund Payment and/or Healthcare Data and Credit Monitoring and Insurance Services, you must complete and submit a Claim Form.  Claim Forms are available at WEBSITE, or you may request one by mail by calling 1-XXX-XXX-XXXX. Read the instructions carefully, fill out the Claim Form, and submit it online, or mail it postmarked no later than **Month Day, 202X** to: In re: Enzo Biochem Data Security Litigation, Attn: Claim Forms, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

### 13.  How will claims be decided?

The Settlement Administrator will decide whether the information provided on the Claim Form is complete and valid.  The Settlement Administrator may require additional information from any claimant. If the Settlement Administrator requires additional information from you and you do not provide it in a timely manner, your claim may not be paid.

### 14.  When will I get my payment?

The Court will hold a Final Approval Hearing at __:_0 _.m. on Month Day, 202X to decide whether to approve the Settlement. Even if the Court approves the Settlement, there may be appeals, and resolving them may take additional time. It also takes time for all the Claim Forms to be processed, depending on the number of claims submitted and whether any appeals are filed. Please be patient.  If you have further questions regarding payment timing, you may contact the Settlement Administrator by emailing EMAIL ADDRESS.

## REMAINING IN THE SETTLEMENT

### 15.  Do I need to do anything to remain in the Settlement?

You do not have to do anything to remain in the Settlement, but if you want receive to Settlement Benefits, you must submit a Claim Form online or postmarked by **Month Day, 202X**.

If you do nothing, you will **<u>not</u>** receive Settlement benefits and you will also give up certain legal rights.

### 16.  What am I giving up as part of the Settlement?

If the Settlement becomes final, you will give up your right to sue Enzo for the claims being resolved by this Settlement.  The specific claims you are giving up against Enzo and the claims you are releasing are described in the Settlement Agreement, available at WEBSITE. The Settlement Agreement describes the Released Claims with specific descriptions, so read it carefully. If you have any questions about what claims you are giving up and which parties you are releasing, you can talk to the law firms listed in Question 20 for free or you can, of course, talk to your own lawyer at your own expense.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want any benefits from this Settlement, and you want to keep the right to sue Enzo about legal issues resolved by this Settlement, then you must take steps to get out of the Settlement Class.  This is called excluding yourself from – or is sometimes referred to as "opting out" of – the Settlement Class.

### 17.  If I exclude myself, can I still get payment from the Settlement?

No. If you exclude yourself from the Settlement, you will not be entitled to any Settlement Benefits, but you will not be bound by any judgment in this case.

## 18.  If I do not exclude myself, can I sue the Defendants for the same thing later?

No.  Unless you exclude yourself from the Settlement, you give up any right to sue Enzo for the claims that this Settlement resolves.  You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case.

## 19.  How do I get out of the Settlement?

To exclude yourself from the Settlement, you must submit a Request for Exclusion online at WEBSITE or send a letter by mail stating that you want to be excluded from the Settlement. Your letter must be in writing and must identify the case name *In re: Enzo Biochem Data Security Litigation*; state your name, address and telephone number; be physically signed by you; and must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in the *In re: Enzo Biochem Data Security Litigation*."

In re: Enzo Biochem Data Security Litigation
**Attn: Exclusions**
P.O. Box 58220
Philadelphia, PA 19102

Requests for Exclusion may only be done on an individual basis, and no person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

The deadline to submit a Request for Exclusion online is DATE. If you are submitting a Request for Exclusion by mail, it must be postmarked no later than DATE.

## THE LAWYERS REPRESENTING YOU

## 20.  Do I have a lawyer in this case?

Yes. The Court appointed the following attorneys as "Settlement Class Counsel" or "Class Counsel" to represent the Settlement Class:

| Class Counsel | |
|---|---|
| Jean Martin<br>**MORGAN & MORGAN COMPLEX LITIGATION GROUP**<br>201 N. Franklin Street 7th Floor<br>Tampa, FL 33602 | James J. Pizzirusso<br>**HAUSFELD LLP**<br>888 16th St. NW, Suite 300<br>Washington, DC 20006 |

You will not be charged for contacting Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 21.  How will Class Counsel be paid?

Class Counsel will ask the Court to approve an award of attorneys' fees, costs, and expenses to be paid from the Settlement Fund in the amount of _____. Class Counsel will also seek Service Awards in the amount of $1,500 for each of the sixteen (16) Class Representatives. The Court may award less than these amounts.

## OBJECTING TO THE SETTLEMENT

### 22.   How do I tell the Court that I do not like the Settlement?

If you are a Class Member, you can object to the Settlement if you do not like or agree with the Settlement or some part of it. You can give reasons to the Court why you think the Court should not approve the Settlement. The Court will consider your views before deciding.

All written objections and supporting papers must clearly (a) identify the case name and number; (b) state the Class Member's full name, current mailing address, and telephone number; (c) contain a statement by the Class Member that he or she believes themself to be a member of the Settlement Class; (d) include proof that the Class Member is a member of the Settlement Class (e.g., copy of the settlement notice, copy of the original notice of the Network Incident); (e) identify the specific factual and legal grounds for the objection; (f) identify whether the objection is an objection to the Settlement in part or in whole; (g) state whether the objection applies only to the objector, a subset of the Settlement Class, or the entire Settlement Class; (h) identify all counsel representing the Class Member, if any; (j) include all documents or writings that the Class Member desires the Court to consider; (k) contain a statement regarding whether the Class Member (or counsel of his or her choosing) intends to appear at the Final Approval Hearing; and (l) contain the signature of the Class Member or the Class Member's duly authorized attorney or representative.

All objections must be served upon Class Counsel identified below. All objections must be filed or postmarked on or before the Objection Deadline. Any Class Member who does not make their objections in the manner and by the date set forth herein shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court. Without limiting the foregoing, any challenge to the Settlement Agreement, the Order Granting Preliminary Approval of the Class Action Settlement Agreement, and the Final Approval Order and Judgment shall be pursuant to appeal under the applicable rules of appellate procedure and not through a collateral attack. The Court, in its discretion, may authorize additional discovery of objectors.

**Objections must be filed with the Court and copies of the objection mailed with a postmark date no later than OBJECTION DEADLINE to Class Counsel:**

| Clerk of the Court | |
|---|---|
| Clerk of the Court [ADDRESS] | |
| **Class Counsel** | **Class Counsel** |
| Jean Martin **MORGAN & MORGAN COMPLEX LITIGATION GROUP** 201 N. Franklin Street 7th Floor Tampa, FL 33602 | James J. Pizzirusso **HAUSFELD LLP** 888 16th St. NW, Suite 300 Washington, DC 20006 |

### 23.   What is the difference between objecting to and excluding myself from the Settlement?

Objecting is telling the Court that you do not like something about the Settlement. Excluding yourself is telling the Court that you do not want to be part of the Class in this Settlement. If you exclude yourself from the Settlement, you have no basis to object or submit a Claim Form because the Settlement no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to. You cannot speak at the hearing if you exclude yourself from the Settlement.

### 24.   When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at TIME, on DATE, in Courtroom XX located at INSERT COURT ADDRESS. At the hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. The Court may also consider Class Counsel's request for an award of attorneys' fees, costs, and expenses, and Service Awards for the Class Representative.

The Court will take into consideration any timely sent written objections and may also listen to anyone who has requested to speak at the hearing (*see* Question 22).

### 25.   Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend the Final Approval Hearing at your own expense. If you file an objection, you do not have to come to Court to talk about it. You may also hire your own lawyer to attend, at your own expense, but you are not required to do so.

### 26.   May I speak at the Final Fairness Hearing?

Yes, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must follow the instructions provided in Question 22 above. You cannot speak at the hearing if you exclude yourself from the Settlement.

## IF YOU DO NOTHING

### 27.   What happens if I do nothing?

If you do nothing, you will not receive any Settlement Benefits. If the Court approves the Settlement, and you do nothing, you will be bound by the Settlement Agreement. This means you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Enzo or Released Parties about the issues involved in this lawsuit, resolved by this Settlement, and released by the Settlement Agreement.

## GETTING MORE INFORMATION

### 28.   Are more details about the Settlement available?

Yes. This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement, which is available at WEBSITE, or by writing to Settlement Administrator:

In re: Enzo Biochem Data Security Litigation
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
EMAIL ADDRESS

### 29.   How do I get more information?

For more information, please visit WEBSITE or call toll-free 1-XXX-XXX-XXXX. You can also contact the Settlement Administrator by mail or email.

***Please do not call the Court or the Clerk of the Court for additional information.***

# EXHIBIT E

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE ENZO BIOCHEM DATA SECURITY LITIGATION<br><br><br>This Document Relates To: *All Cases* | Lead Case No. 2:23-cv-04282-GRB-AYS<br><br>Hon. Gary R. Brown |

## [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND CERTIFYING SETTLEMENT CLASS

WHEREAS, Plaintiffs in the above-captioned consolidated class action have applied for an order, pursuant to Federal Rule of Civil Procedure 23, preliminarily approving the Settlement Agreement and Release (the "Settlement Agreement") entered into between Plaintiffs Elyssa Crimeni, Elizabeth Delgrosso, Annette DiIorio, Eliana Epstein, Elizabeth Garfield, Gita Garfinkel, Mark Guthart, Tony Johnson, Nino Khakhiashvili, Margo Kupinska, Paula Magnani, Shana McHugh, Mary Namorato, Robert Pastore, Saribel Rodriguez, and Izza Shah ("Plaintiffs"), individually and on behalf of the proposed Settlement Class, and Defendants Enzo Biochem, Inc. and Enzo Clinical Labs, Inc. (collectively, "Enzo" or "Defendants"), dated January 13, 2025, and this Court having reviewed the Settlement Agreement as submitted to the Court with Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval"); and

WHEREAS, this Preliminary Approval Order incorporates the Settlement Agreement, and its exhibits, and the terms used herein shall have the meaning and/or definitions given to them in the Settlement Agreement, as submitted to the Court with the Motion for Preliminary Approval;

NOW, THEREFORE, pursuant to Federal Rule of Civil Procedure 23(e), upon the agreement of the Parties, and after consideration of the Settlement Agreement and its exhibits,

IT IS HEREBY ORDERED as follows:

1.      The Court finds that the Settlement Agreement proposed by the Parties is fair, reasonable, and adequate, and is likely to be approved at a final approval hearing such that giving notice to the Settlement Class is justified. The representations, agreements, terms, and conditions of the Settlement, as embodied in the Settlement Agreement and the exhibits attached thereto, are preliminarily approved pending a final hearing on the Settlement Agreement as provided herein. The Settlement Agreement meets the considerations set forth in the amended Rule 23(e), as well as *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

2.      The Settlement Agreement was negotiated with the assistance of neutral Mediator Bennett G. Picker of JAMS, and is the result of extensive, arm's-length negotiations between the Parties after Interim Class Counsel and Defendants' Counsel had investigated the claims, sufficiently litigated the claims, and became familiar with the strengths and weaknesses of the claims and defenses in this Action. The Settlement Agreement appears not to be collusive, has no obvious defects, and falls within the range of reasonableness.

3.      The Court finds it will likely certify, at the final approval stage, the Settlement Class for purposes of the Settlement only, consisting of:

> [A]ll natural persons who are residents of the United States whose Personal Information was potentially compromised in the Network Incident and were sent via U.S. Mail notice by Enzo that their Personal Information may have been compromised in the Network Incident. Excluded from the Settlement Class are: (1) the Judges presiding over the Action and members of their families; (2) Enzo, its subsidiaries, parent companies, successors, predecessors, and any entity in which Enzo or its parents have a controlling interest, and its current or former officers and directors; (3) natural persons who properly execute and submit a Request for Exclusion prior to the

2

expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person.

4.    The Court finds that the Settlement Class meets the relevant requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) in that: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to Settlement Class Members; (c) the claims of the Class Representatives are typical of the claims of Settlement Class Members; (d) the Class Representatives are adequate representatives for the Settlement Class, and have retained experienced counsel to represent them as Class Counsel; (e) the questions of law and fact common to Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court therefore preliminarily certifies the proposed Settlement Class.

5.    For purposes of the Settlement only, the Court finds and determines that it will likely find, at the final approval stage, pursuant to Federal Rule of Civil Procedure Rule 23(a)(4), that Plaintiffs will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in this Action, and therefore appoints them as Class Representatives.

6.    For purposes of the Settlement only, and pursuant to Federal Rule of Civil Procedure 23(a)(1), the Court appoints the following as Class Counsel to act on behalf of both the Settlement Class and the Class Representatives with respect to the Settlement Agreement:

James J. Pizzirusso, Esq.
**HAUSFELD LLP**
888 16th Street, NW, Suite 300
Washington, DC 20006
T: (202) 540-7200
E: jpizzirusso@hausfeld.com

Jean S. Martin, Esq.
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
T: (813) 559-4908
E: jeanmartin@forthepeople.com

7.      Angeion Group is appointed as Settlement Administrator and shall administer the Notice Plan. The Settlement Administrator shall abide by the terms and conditions of the Settlement Agreement that pertain to the Settlement Administrator.

8.      Pursuant to Federal Rule Civil Procedure 23(e), the terms of the Settlement Agreement (and the Settlement provided for therein) are preliminarily approved and likely to be approved at the Final Approval Hearing because:

a.  the Class Representatives and Class Counsel have adequately represented the Settlement Class;

b.  the Settlement Agreement was negotiated at arm's-length;

c.  the relief provided for the Settlement Class is adequate, taking into account:

i.  the costs, risks, and delay of trial and appeal;

ii.  the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims;

iii.  the terms of any proposed award of attorneys' fees, including timing of payment; and

iv.  any agreement required to be identified under Rule 23(e)(3); and

d.  the Settlement Agreement treats Settlement Class Members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

9.      Having reviewed the proposed Notice Plan, including the Long Form Notice and Summary Notice submitted by the Parties as Exhibits D and F to the Settlement Agreement, the Court approves, as to form and content, such Notices for the purpose of notifying the Settlement Class as to the proposed Settlement, the Final Approval Hearing, and the rights of Settlement Class Members. Those Notices contain all of the essential elements necessary to satisfy the requirements of federal law, including the Federal Rules of Civil Procedure and federal and state due process

provisions, including the Settlement Class definition, the identities of the Parties and their counsel, a summary of the terms of the proposed Settlement Agreement, information regarding the manner in which objections may be submitted, information regarding opt-out procedures and deadlines, and the date and location of the Final Approval Hearing.

10.     The Court directs the Settlement Administrator to cause a copy of the Summary Notice to be sent to all Settlement Class Members in accordance with the Notice Plan. The Notice Plan (including the Summary Notice re-mailing process) shall be completed before the filing of the Motion for Final Approval.

11.     The Summary Notice and Long Form Notice shall be updated by Class Counsel and Defendants to include the correct dates and deadlines before the Notice Plan commences, based upon those dates and deadlines set by the Court herein. The Court finds and determines the Notice Plan pursuant to this Order constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the matters set forth in the Notices to all persons entitled to receive such Notices, and fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable law and rules.

12.     Any person falling within the definition of the Settlement Class may, upon request, be excluded or opt-out. In the event a Settlement Class Member wishes to be excluded and not to be bound by the Settlement Agreement, that person must personally sign and mail a Request for Exclusion from the Settlement to the Settlement Administrator. The Request for Exclusion must be physically signed by the person seeking exclusion, postmarked no later than sixty (60) days after the Notice Date, and must include: the name of this Action; the name, address, and telephone number of the person seeking exclusion; and a clear request that the individual would like to opt-out or be excluded, by use of those or other words clearly indicating a desire to no longer

participate in the Settlement. Any Settlement Class Member who timely and properly requests exclusion in compliance with these requirements will thereafter be excluded from the Settlement Class, will not become a Settlement Class Member, will not have any rights under the Settlement Agreement, will not be entitled to any relief under the Settlement Agreement, and will not be bound by the Settlement Agreement or the Final Approval Order. Any Settlement Class Members who fail to submit a valid and timely Request for Exclusion shall be bound by all terms of the Settlement Agreement and the Final Approval Order, regardless of whether they have requested to opt-out from the Settlement Agreement.

13.    Any Settlement Class Member who wishes to object to the Settlement, Class Counsel's application for attorneys' fees and costs, or Service Awards for the Class Representatives, or to appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, or why a final judgment should not be entered thereon, may do so, but must proceed as set forth in this paragraph. Only a Settlement Class Member may file an objection. No Settlement Class Member or other person will be heard on such matters unless they have mailed via U.S. Mail or private courier (e.g., Federal Express) a written objection (together with any briefs, papers, statements, or other materials the Settlement Class Member or other person wishes the Court to consider) to the Clerk of the Court on or before the Objection Deadline, as set forth in the Notices. Any objection must: (a) identify the name of this Action; (b) state the objector's full name, current mailing address, and telephone number; (c) contain a statement by the objector that he or she believes themselves to be a member of the Settlement Class; (d) include proof that the objector is a member of the Settlement Class (e.g., copy of the settlement notice, copy of the original notice of the Network Incident); (e) identify the specific factual and legal grounds for the objection,

accompanied by any legal support for the objection known to the objector or objector's counsel; (f) identify whether the objection is an objection to the Settlement in part or in whole; (g) state whether the objection applies only to the objector, a subset of the Settlement Class, or the entire Settlement Class; (h) state the number of times the objector has objected to a class action settlement within the five (5) years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case; (i) identify all counsel (if any) representing the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement Agreement or Application for Attorneys' Fees, Costs, and Service Awards; (j) state the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five (5) years preceding the date of the filed objection, the caption of each case in which objector's counsel and/or counsel's law firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five (5) years; (k) identify any and all agreements that relate to the objection or the process of objecting— whether written or oral—between objector or objector's counsel and any other person or entity; (l) confirm whether the objector intends to personally appear and/or testify at the Final Approval Hearing; (m) identify all counsel (if any) representing the objector who will appear at the Final Approval Hearing; (n) contain a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and (o) contain the objector's signature or the signature of the objector's duly authorized attorney or representative.

14.     Any Settlement Class Member who does not make his or her objection in the manner and by the date set forth in this Order shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

15.     Prior to the Final Approval Hearing: (i) Class Counsel shall file with the Court and serve on all Parties a declaration or affidavit of the Settlement Administrator certifying that the Notice Plan was completed and providing the name of each Settlement Class Member who timely and properly requested exclusion from the Settlement Class; and (ii) Defendants or Angeion Group shall file with the Court and serve on all Parties a declaration certifying that notice was provided to the appropriate government entities in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

16.     All pretrial proceedings in this Action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Settlement Agreement and this Preliminary Approval Order.

17.     Upon the entry of this Preliminary Approval Order, the Class Representatives and all Settlement Class Members shall be provisionally enjoined and barred from asserting any claims against Defendants and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as whether to grant Final Approval of the Settlement Agreement.

18.     The Settlement Agreement, and any and all negotiations, statements, documents, and/or proceedings in connection with the Settlement Agreement, shall not be construed or deemed to be evidence of an admission or concession by Defendants of any liability or wrongdoing by Defendants or any of their affiliates, agents, representatives, vendors, or any other person or entity

acting on their behalf with respect to the conduct alleged in this Action or that the litigation was properly brought as a class action, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief with respect to the Network Incident at issue in this Action. Defendants may file the Settlement Agreement in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19.     In the event that: (a) this Court does not grant Final Approval of the Settlement Agreement, as provided in the Settlement Agreement; (b) this Court does not enter the Final Approval Order in all material respects and substantial form as the Final Approval Order submitted by the Parties with the Motion for Final Approval; or (c) the Settlement Agreement does not become final for any other reason, the Settlement Agreement shall be null and void and any order or judgment entered by this Court in furtherance of the Settlement Agreement shall be vacated *nunc pro tunc*. In such case, the Parties shall proceed in all respects as if the Settlement Agreement had not been executed; the Parties shall in no way be prejudiced in proceeding with or defending this Action; the provisional class certification effected herein will be null and void; and Defendants shall have the right to oppose and object, on any and all grounds, to certification of the Settlement Class or any other class at any future time.

20.     For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement Agreement preliminarily approved herein and the related orders of this Court.

21.     Class Counsel and Defendants' Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without the Court's further approval, minor form or content changes to the Notices they jointly agree are reasonable or necessary.

22.     A Final Approval Hearing will be held in the Courtroom of The Honorable Gary R. Brown, United States District Court for the Eastern District of New York, 100 Federal Plaza, Courtroom 940, Central Islip, New York 11722-9014 on _____, **2025** at __:__ **a.m./p.m.**, to determine: (a) whether the Settlement Agreement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether the Final Approval Order should be entered in substance materially the same as the Final Approval Order submitted by the Parties with the Motion for Final Approval; (c) whether to approve Class Counsel's Application for Attorneys' Fees, Costs and Service Awards for the Class Representatives; and (d) any other matters that may properly be brought before the Court in connection with the Settlement Agreement. The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the Settlement Class (any change in date shall be posted on the Settlement Website). The hearing may be virtual, in which case the instructions to participate shall be posted on the Settlement Website. The Court may approve the Settlement Agreement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. The Parties must file all moving papers and briefs in support of Final Approval, inclusive of Class Counsel's Application for Attorneys' Fees, Costs and Service Awards for the Class Representatives, no later than 14 days after the Objection Deadline set forth herein.

23.    Any Settlement Class Member may enter an appearance in this Action, at their own

expense, individually or through counsel of their own choice. If a Settlement Class Member does

not enter an appearance, he or she will be represented by Class Counsel.

24.    The Court hereby sets the following schedule of events:

| Event | Deadline for Completion of Event |
|---|---|
| **Notice Plan Complete (including Initial Mailed Summary Notice and the Notice Re-Mailing Process) ("Notice Date")** | _____, 2025 (45 calendar days after entry of this Preliminary Approval Order) |
| **Deadline for submission of Claim Forms** | _____, 2025 (90 calendar days after the Notice Date) |
| **Application for Attorneys' Fees, Costs and Service Awards** | _____, 2025 (14 calendar days before the Objection Deadline) |
| **Opt-Out Deadline** | _____, 2025 (60 days after Notice Date) |
| **Objection Deadline** | _____, 2025 (60 days after Notice Date) |
| **Motion for Final Approval and Deadline to Respond to Objections** | _____, 2025 (14 calendar days after Objection Deadline) |
| **Final Approval Hearing** | _____, 2025, at __:__ __.m. |

**IT IS SO ORDERED.**

DATED: _____, 2025

_____
Hon. Gary R. Brown
UNITED STATES DISTRICT JUDGE

# EXHIBIT F

Notice of Proposed Class Action Settlement

If you are a natural person and resident of the United States whose Personal Information was potentially compromised in the Ransomware Attack suffered by Enzo Clinical Labs, Inc., on or about April 6, 2023, a class action settlement may affect your rights.

For more information about the Settlement, please visit WEBSITE or call toll-free 1-XXX-XXX-XXXX.

This is not a solicitation from a lawyer.

A federal court authorized this Notice.

In re: Enzo Biochem Data Security Litigation
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

«ScanString»
Postal Service: Please do not mark barcode

Notice ID: «Notice ID»
Confirmation Code: «Confirmation Code»
«FirstName»«LastName»
«Address 1»
«Address 2»
«City», «StateCd» «Zip»
«CountryCd»

| NOTICE ID: «NOTICE ID» «FIRST NAME» «LAST NAME» «ADDRESS» | In re: Enzo Biochem Data Security Litigation CLAIM FORM | «Barcode» |
|---|---|---|

To submit a claim for a **Cash Fund Payment** and/or **Healthcare Data and Credit Monitoring and Insurance Services,** please complete the form below, sign, and mail this portion of the postcard to the Settlement Administrator **by no later than DATE. You may claim one or both options.**

Claims for Documented Loss Payments require supporting documentation and therefore must be submitted online at WEBSITE or by downloading a Claim Form from the Settlement Website to complete and mail to the Settlement Administrator.

## Cash Fund Payment

Do you want to receive a Cash Fund Payment?    **Yes**    **No**

## Healthcare Data and Credit Monitoring and Insurance Services ("CMIS")

Do you want to receive 2 years of coverage through Medical Shield Premium?    **Yes**    **No**

If you answered YES, please provide your email address: _____

**Payment Options:** ☐ PayPal ☐ Venmo ☐ Zelle ☐ Virtual Prepaid Card ☐ Check

Please provide the email address or phone number associated with your PayPal, Venmo or Zelle account, or email address for the Virtual Prepaid card: _____

## Attestation and Signature

I swear and affirm under penalty of perjury pursuant to laws of the United States of America that the information provided in this Claim Form is true and correct to the best of my knowledge. I understand that my claim is subject to verification and that I may be asked to provide supplemental information by the Settlement Administrator before my claim is considered complete and valid.

Signature: _____    Date (mm/dd/yyyy): ____ / ____ / ____    Print Name: _____

**The deadline to submit this form is DATE.**    **Questions? Visit WEBSITE or call -XXX-XXX-XXXX.**

A proposed settlement has been reached in a lawsuit entitled In re: Enzo Biochem Data Security Litigation, Case No. 2:23-cv-04282-GRB-AYS (E.D.N.Y.), relating to the Ransomware Attack perpetrated on Enzo that occurred on or about April 6, 2023, in which the Personal Information of former patients or individuals otherwise affiliated with Enzo was potentially impacted by criminal hackers ("Network Incident"). The Defendants deny all claims alleged against it and deny all charges of wrongdoing or liability. The settlement is not an admission of wrongdoing or an indication that the Defendants have violated any laws, but rather the resolution of disputed claims.

**Am I Included?** Yes. Enzo's records indicate your information may have been involved in the Network Incident.

**Settlement Benefits.** The Settlement provides for the creation of a Settlement Fund in the amount of $7,500,000 to pay for: (i) all Administrative Expenses; (ii) any Taxes; (iii) any Service Awards; (iv) any Fee Award and Costs; and (v) the Settlement Payments and/or Settlement Benefits. The Defendant has also agreed to make certain security commitments. The following Settlement Benefits are available to the Settlement Class:

- **Documented Loss Payment:** Up to $10,000.00 for documented losses related to the Network Incident; **OR**
- **Cash Fund Payment:** Pro rata share of the Net Settlement Fund after payment of Documented Loss claims and Healthcare Data and Credit Monitoring and Insurance Services. No documentation is required; **AND**
- Two (2) years of **Healthcare Data and Credit Monitoring and Insurance Services ("CMIS")**

**How Do I Receive Settlement Benefits?** Class Members must submit a Claim Form online at WEBSITE or by mailing a completed Claim Form postmarked no later than DEADLINE to the Settlement Administrator. If you do not submit a Claim Form, you will not receive any Settlement Benefits.

**What Are My Options?** If you **do nothing** or **submit a Claim Form**, you will not be able to sue or continue to sue the Defendant about the claims resolved by this Settlement. If you **exclude yourself**, you will not receive any Settlement Benefits, but you will keep your right to sue the Defendant in a separate lawsuit about the claims resolved by this Settlement. If you do not exclude yourself, you can **object** to the settlement. The deadline to exclude yourself from the Settlement or to object to the Settlement is DEADLINE. Visit WEBSITE for complete details on how to exclude yourself from, or object to, the Settlement.

**The Final Approval Hearing.** The Court will hold a Final Approval Hearing at TIME, on DATE, in Courtroom XX located at INSERT COURT ADDRESS. At the hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. The Court may also consider Class Counsel's request for an award of attorneys' fees, costs, and expenses, to be paid from the Settlement Fund, and service awards in the amount of $1,500 for each for the sixteen (16) Class Representatives. If there are objections, the Court will consider them.

This Notice is only a Summary. For additional information, please visit WEBSITE or call toll-free 1-XXX-XXX-XXXX.

Enzo Biochem Network Incident Settlement
Attn: Claim Forms
1650 Arch Street, Ste 2210
Philadelphia, PA 19103

Business
Reply mail