# Corrected EXHIBIT 1-C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ENZO BIOCHEM DATA SECURITY LITIGATION<br><br>This Document Relates To: *All Cases* | Lead Case No. 2:23-cv-04282-GRB-AYS<br><br>Hon. Gary R. Brown<br><br>**JUDGMENT** |

WHEREAS, an Order of the Honorable Gary R. Brown, United States District Judge, granting Final Approval of Class Action Settlement and Application for Attorneys' Fees, Costs, and Service Awards, was filed and entered on _____,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this Action and over all Parties to the Action, including all Settlement Class Members.

2. This Final Approval Order incorporates the definitions in the Settlement Agreement, and all terms used in this Final Approval Order have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

3. The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice. The Notice fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23(e)(1), and all other applicable laws and rules.

4. The notice to governmental entities, as given, complied with 28 U.S.C. § 1715.

5. Applying the factors set forth in Federal Rule of Civil Procedure 23(e)(2), the Settlement set forth in the Settlement Agreement: (i) is in all respects fair, reasonable, and adequate to the Settlement Class; (ii) was the product of informed, arm's-length negotiations among

competent, able counsel; and (iii) was made based upon a record that is sufficiently developed and complete to have enabled the Class Representatives and Defendants to adequately evaluate and consider the strengths and weaknesses of their respective positions.

6. The Settlement relief is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing the Settlement Fund to the Settlement Class; and (iii) the terms of any proposed award of attorneys' fees, including timing of payment.

7. The Settlement Agreement treats Settlement Class Members equitably relative to each other. In finding the Settlement Agreement fair, reasonable, and adequate, the Court has also considered the number of opt-outs from the Settlement, the lack of any meritorious objections by Settlement Class Members, and the opinions of competent counsel concerning such matters. The Court has considered duly filed objections to the Settlement Agreement, if any, and to the extent such objections have not been withdrawn, superseded, or otherwise resolved, they are overruled and denied in all respects on their merits.

8. The Class Representatives and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement Agreement.

9. \_\_\_\_ members of the Settlement Class validly submitted a notice of intention to opt-out, as identified on the opt-out list attached as **Exhibit A**, and shall not be bound by the Settlement Agreement.

10. Because the Court approves the Settlement Agreement as fair, adequate, and reasonable, the Court authorizes and directs implementation of all terms and provisions of the Settlement Agreement.

11. All Parties to this Action, and all Settlement Class Members, are bound by the Settlement as set forth in the Settlement Agreement and this Final Approval Order.

12. The appointment of Plaintiffs Elyssa Crimeni, Elizabeth Delgrosso, Annette DiIorio, Eliana Epstein, Elizabeth Garfield, Gita Garfinkel, Mark Guthart, Tony Johnson, Nino Khakhiashvili, Margo Kupinska, Paula Magnani, Shana McHugh, Mary Namorato, Robert Pastore, Saribel Rodriguez, and Izza Shah as Class Representatives is affirmed.

13. The appointment of James J. Pizzirusso of Hausfeld LLP and Jean S. Martin of Morgan & Morgan Complex Litigation Group as Class Counsel is affirmed.

14. The Court affirms the finding that the Settlement Class meets the relevant requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) for Settlement purposes in that: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to Settlement Class Members; (c) the claims of the Class Representatives are typical of the claims of Settlement Class Members; (d) the Class Representatives are adequate representatives for the Settlement Class, and have retained experienced counsel to represent them; (e) the questions of law and fact common to Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

15. The Class Representatives and each Settlement Class Member, and each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by entireties, agents, attorneys, and all those who claim through them or on their behalf ("Releasing Parties"), will be deemed to have fully and irrevocably released and forever discharged Defendants and each of their

present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and their present and former directors, officers, employees, agents, insurers, members, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, and successors ("Released Parties"), of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort, or any other theory, that arise from or relate to the Network Incident at issue in this Action ("Released Claims"). The Class Representatives are hereby conclusively deemed to have waived California Civil Code Section 1542 and any other similar statutes, laws, or legal principles of any state.

16. Plaintiffs or any Settlement Class Member may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the Released Claims, or the law applicable to such claims may change. Nonetheless, each of those individuals expressly agrees that, as of the Effective Date, he or she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, and contingent or non-contingent claims with respect to all of the matters described in or subsumed by herein. Further, each of those individuals agrees and acknowledges that he or she shall be bound by the Settlement Agreement, including by the release herein, and that all of their claims in this Action shall be released, whether or not such claims are concealed or hidden, without regard to subsequent discovery of different or additional facts and subsequent changes in the law, and even if he or she never receives actual notice of the Settlement Agreement and/or never receives a distribution of funds or credits from the Settlement Agreement.

17. In addition to the releases made by Plaintiffs and Settlement Class Members above, Plaintiffs, including each and every one of their agents, representatives, attorneys, heirs, assigns, or any other person acting on their behalf or for their benefit, and any person claiming through them, make the additional following general release of all claims, known or unknown, in exchange and consideration of the Settlement set forth in the Settlement Agreement. The Named Plaintiffs agree to a general release of the Released Parties from all claims, demands, rights, liabilities, grievances, demands for arbitration, and causes of action of every nature and description whatsoever, known or unknown, pending or threatened, asserted or that might have been asserted, whether brought in tort or in contract, whether under state or federal or local law.

18. The Class Representatives and all Settlement Class Members are hereby barred and permanently enjoined from brining on behalf of themselves, or through any person purporting to act on their behalf or purporting to assert a claim under or through them, any of the Released Claims against the Released Parties in any forum, action, or proceeding of any kind.

19. The Distribution of Settlement Payments as described in the Settlement Agreement and Notice to all Settlement Class Members is hereby approved, subject to modification by further order of this Court, which may, at the discretion of the Court, be entered without further notice to Settlement Class Members. Any order or proceedings relating to the Distribution of Settlement Payments or amendments thereto shall not operate to terminate or cancel the Settlement Agreement or affect the finality of this Final Approval Order.

20. The Court hereby decrees that neither the Settlement Agreement, nor this Final Approval Order, nor the fact of the Settlement, is an admission or concession by Defendants or the Released Parties of any fault, wrongdoing or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Final Approval

Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this Action. Nothing relating to the Settlement Agreement shall be offered or received in evidence as an admission, concession, presumption or inference against Defendants or the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement or to support a defense based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

21. Class Counsel is awarded attorneys' fees in the amount of $_____ and costs in the amount of $_____, such amounts to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court concludes that the attorneys' fees awarded to Class Counsel meets the requirements of *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000), in all respects.

22. The Class Representatives are each awarded a Service Award of $_____, such amounts to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

23. The Administrative Expenses incurred by the Settlement Administrator shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

24. The Court hereby retains jurisdiction over: (a) the implementation, enforcement, and performance of the Settlement Agreement; (b) the administration, consummation, and enforcement of the Settlement Agreement; (c) all questions and/or disputes related to the Notice Plan and the Settlement Administrator; and (d) the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against Defendants or their affiliates at any time, including during any appeal

from the Final Approval Order.

25. In the event the Effective Date does not occur or if the Settlement Agreement terminates due to any of the occurrences set forth in the Settlement Agreement, the Settlement Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, and Defendants' obligations under the Settlement Agreement shall cease to be of any force and effect; and the Parties shall return to the status quo *ante* in this Action as if the Parties had not entered into the Settlement Agreement, with all the Parties' respective pre-Settlement rights, claims, and defenses retained and preserved.

26. This Action is hereby dismissed with prejudice.

DATED: _____, 2025          _____
                                                                    Clerk of Court

- 8 -

# EXHIBIT A

## Opt-Out List

*To be Completed at Time of Final Approval Hearing*